[Crim. No. 23336. First Dist., Div. One. Apr. 26, 1982.]

In re LARRY EDGERLY on Habeas Corpus.

## COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, Ron Albers and Mark Nissenbaum, Deputy Public Defenders, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and Robert R. Granucci, Deputy Attorneys General, for Respondent.

## OPINION

**GRODIN, J.*—** ■ This case involves application of the holding in *People* v. *Winson* (1981) 29 Cal.3d 711 [175 Cal.Rptr. 621, 631 P.2d 55] that "[a] preliminary hearing transcript of a witness' testimony in a

---

*Assigned by the Chairperson of the Judicial Council.

■

defendant's related criminal case is not a proper substitute for the live testimony of the witness at defendant's probation revocation hearing in the absence of the declarant's unavailability or other good cause." (*Id.*, at pp. 713-714.)

The opinion in *Winson* was filed on July 23, 1981. On August 5, 1981, petitioner's probation was revoked at a hearing in which the trial court admitted, over petitioner's *Winson* objection, the transcript of a preliminary hearing at which petitioner was held to answer on charges of forgery (Pen. Code, § 475), receiving stolen property (Pen. Code, § 496) and credit card forgery (Pen. Code, § 484f, subd. (2)). A petition for writ of habeas corpus was filed on August 14, 1981, with the California Supreme Court and that court, on August 26, denied the petition without prejudice to petitioner raising his claim in the Court of Appeal upon the finality of *Winson. Winson* became final on August 22, 1981,[1] and this petition followed.[2]

We confront first the People's contention that the holding in *Winson* should apply only to probation revocation proceedings commenced subsequent to the date of its finality. ■ ■■■ In support of that contention, they rely upon the criteria which the Supreme Court has enunciated in determining whether a new rule should be made retroactive (e.g., *People* v. *Gainer* (1977) 19 Cal.3d 835, 853 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73]).[3] ■ We do not read the unanimous opinion in *Winson* as establishing a new rule, however, but rather as correcting what the court perceived to be an erroneous departure from established due process principles applicable to parole and probation proceedings commencing in 1972 with *Morrissey* v. *Brewer* (1972)

---

[1]The People advanced a novel contention, unsupported by citation to authority, that *Winson* has not yet become final because there was still pending a petition for certiorari before the United States Supreme Court. Under state law, a Supreme Court decision becomes final (with certain exceptions) 30 days after filing (Cal. Rules of Court, rule 24(a)). The deference required of inferior state courts to decisions of the state Supreme Court (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]) is necessarily governed by that rule. In any event, certiorari has since been denied. (*California* v. *Winson* (1982) 455 U.S. 975 [71 L.Ed.2d 688, 102 S.Ct. 1485].)

[2]No notice of appeal has been filed. (Cf. *In re Dixon* (1953) 41 Cal.2d 756, 759 [264 P.2d 513].)

[3]The criteria are: ""''(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.''"" (*People* v. *Gainer, supra*, 19 Cal.3d at p. 853.) Where, as here, the principle serves the integrity of the fact-finding process, the argument for retroactive application is particularly strong. (*Ibid.*; see also *Stovall* v. *Denno* (1967) 388 U.S. 293, 297 [18 L.Ed.2d 1199, 1203, 87 S.Ct. 1967].)

408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] and *People v. Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. (*People v. Winson, supra,* 29 Cal.3d at pp. 716, 718.) Under those cases, and their progeny, a parolee or probationer has the right to cross-examine adverse witnesses unless the trier of fact finds and expresses good cause for denying confrontation (29 Cal.3d at pp. 716-719). Thus, *Winson* represents an "application of a previously existing principle" (*People v. Heredia* (1971) 20 Cal.App.3d 194, 199 [97 Cal.Rptr. 488]; accord, *Gallik v. Superior Court* (1971) 5 Cal.3d 855, 859 [97 Cal.Rptr. 693, 489 P.2d 573]), and, in the absence of contrary indication from the Supreme Court itself (cf. *People v. Bustamante* (1981) 30 Cal.3d 88, 102 [177 Cal.Rptr. 576, 634 P.2d 927]; *People v. Cook* (1978) 22 Cal.3d 67, 99, fn. 18 [148 Cal.Rptr. 605, 583 P.2d 130]), must be deemed applicable at least to cases not yet final.

The basis for the trial court's ruling was not that *Winson* did not apply, but rather that petitioner's confrontation rights were secured because he had the opportunity, which he did not exercise, of arranging in advance for the witnesses who testified at the preliminary hearing to be present at his revocation hearing for purposes of cross-examination. The People, relying upon the *Winson* court's observations that "the right of confrontation is not absolute," and that "[t]he issue of whether former testimony may be utilized in lieu of a witness' personal appearance is best resolved on a case-by-case basis" (29 Cal.3d at p. 719), argue that petitioner's request for confrontation at the revocation hearing was properly rejected in this case as untimely.

The rule for which the People contend—that a defendant must request production of witnesses in advance upon penalty of losing his right to insist upon confrontation—is contrary to our reading of *Winson.* The court made clear, in its opinion, that "*a finding of good cause is required before the preliminary hearing transcript may be used at a revocation hearing.*" (29 Cal.3d at p. 717; italics added.) In explaining its observation that "the right of confrontation is not absolute," the court stated: "Confrontation may be denied if the trier-of-fact finds and expresses good cause for doing so. Thus, the risk of harm to an informant may suffice to deny a parolee the right to confrontation. [Citations.] Generally, if the witness is legally unavailable, the former testimony may be admitted. Similarly, where 'appropriate,' witnesses may give evidence by document, affidavit or deposition [citations]. In California, the Evidence Code specifically authorizes the use in later proceedings of previous testimony of a witness currently 'unavailable' as

that term is statutorily defined. [Citation.]" (*Id.*, at p. 719.) It is thus clear that it is the prosecution's burden to produce the witnesses or to establish "good cause" for not doing so. Nothing in the opinion suggests that "good cause" can be found in the defendant's failure to ask, in advance, that his confrontation rights be honored.[4]

We therefore conclude that receipt in evidence of the preliminary hearing transcript over the defendant's *Winson* objection was error of federal constitutional dimension, and we proceed to consider whether, as the People contend, that error was harmless "beyond a reasonable doubt." (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

In addition to the preliminary hearing transcript the trial court admitted and considered, *without* express objection, a supplemental probation report which, among other things, recited various arrests and a recent conviction for violation of Penal Code section 484e, subdivision (2) (possession of lost credit card with intent to misappropriate), as well as petitioner's statement "that he became involved in criminal behavior again only because he resorted to abusing heroin on a daily basis." Petitioner's original conviction, for which he had been placed on probation, was for violation of Health and Safety Code section 11379 (sale of controlled substances), and his subsequent use of heroin was in violation of a specific term of probation.

In revoking probation, the trial court referred, not only to the evidence contained in the preliminary transcript, but to the subsequent conviction, and to his heroin use, "thus having effectively violated just about all the terms of his probation." It thus appears that ample, and uncontroverted, reasons existed for revocation of probation on the basis of evidence received without objection and that consideration of the preliminary hearing transcript on that issue was harmless beyond reasonable doubt.

---

[4]The People, in their brief, suggest a number of policy reasons for requiring a probationer to give reasonable prehearing notice if he seeks further confrontation: such a requirement they assert would enable the prosecutor to produce the witness or to prepare a showing of good cause for his nonproduction; it would enable the trial court to have some idea of the amount of time the revocation hearing is likely to require and adjust its calendar accordingly; and it would enable the witnesses to adjust their schedules or to articulate reasons why they should not be called to testify a second time.

None of these laudable goals require the rule for which the People contend, however. A defendant may, of course, waive his right to confrontation in advance, and the prosecutor is not prohibited from soliciting such an express and knowing waiver.

After revoking probation, however, the court was obliged to exercise its discretion in determining the proper sentence. (Pen. Code, § 1203.2, subd. (c); *People* v. *Billetts* (1979) 89 Cal.App.3d 302, 309 [152 Cal. Rptr. 402].) At the revocation hearing, petitioner's counsel asked that petitioner be permitted to remain in the drug treatment program in which he had previously been placed. In denying that request, the court referred to the facts reflected in the preliminary hearing transcript as well as to the matters contained in the probation report. Since we cannot know whether the court would have arrived at the same sentencing decision absent reliance upon the preliminary hearing transcript, we cannot say that receipt of the transcript in evidence was harmless beyond reasonable doubt. Petitioner is entitled, therefore, to reconsideration of his sentence in light of our ruling.

The petition for writ of habeas corpus is granted to the extent that the matter is remanded for resentencing. In all other respects, the petition is denied.

Racanelli, P. J., and Newsom, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 23, 1982.