[No. C063169. Third Dist. July 19, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW DAVID URKE, Defendant and Appellant.

 

**COUNSEL**

Julia Freis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—Following his conviction for violating Penal Code section 288, defendant Matthew David Urke was placed on probation under various terms and conditions, including one which prohibited him from being "in the presence of any minor under the age of 18 without a responsible adult present that has been previously approved by [defendant's] probation officer, except [his] own siblings."[1] Following defendant's fourth probation violation, three of which involved being in the presence of minors, defendant's grant of probation was revoked, and he was committed to state prison for six years.

On appeal, defendant asserts (1) the foregoing probation condition is unconstitutionally vague and overbroad; (2) the trial court further violated his constitutional rights by modifying this probation condition and finding that he violated the modified condition; (3) the trial court should have awarded him custody credit for time served in the county jail following two of his probation violations because he did not knowingly and intelligently waive his entitlement to this custody credit; and (4) the trial court improperly imposed two restitution fines.

██ As we explain, we need not decide whether the foregoing condition was too vague, or too broad. The subject matter of the condition is one upon which a properly tailored condition may be imposed. And defendant's conduct was such that it would breach the condition regardless of how narrowly or precisely worded. Thus, even if the condition were constitutionally infirm, as defendant asserts, any error is harmless beyond a reasonable doubt. We do agree that defendant is entitled to additional custody credit, and that the second restitution fine must be stricken. With these modifications, we affirm the judgment.

---

[1] Further section references are to the Penal Code unless otherwise specified.

## BACKGROUND

*Underlying Offense*

In 2001, defendant was 18 years old, lived at his mother's house, and inappropriately touched several of his younger sisters' friends while they visited the house. The first victim was approximately 10 years old and was sleeping on the couch when she awoke to find defendant rubbing her pubic area. She pretended to be asleep, rolled over, and defendant left. Another victim was seven or eight years old. While she sat on defendant's lap, "he put his hands under her shirt and began rubbing her 'boobs.' " She made up an excuse to leave and was not further molested. A third victim was 15 years old; defendant grabbed her in a " 'bear hug' " and unsuccessfully tried to pull her pants down. Finally, defendant was also found on top of another of his sister's friends, "moving his hands all over her body on top of her clothing." He admitted that his behavior was " 'wrong and against the law,' " and stated he was trying to get help through counseling.

Defendant pleaded guilty to one count of committing a lewd and lascivious act on a child under the age of 14 and was placed on eight years' formal probation. As a condition of probation, defendant was prohibited from being "in the presence of any minor under the age of 18 without a responsible adult present that has been previously approved by [defendant's] probation officer, except [his] own siblings." Defendant was also required to serve a year in the county jail.

*First Probation Violation*

In 2004, defendant violated his grant of probation by being in the presence of minors. Defendant interacted with three girls, ages 15 to 17, at a Burger King restaurant, bought alcohol at a nearby liquor store, and brought the minors back to his apartment. Defendant admitted the violation, entered a waiver of custody credits pursuant to *People v. Johnson* (2002) 28 Cal.4th 1050 [123 Cal.Rptr.2d 700, 51 P.3d 913] (*Johnson*), and was reinstated on probation with an additional sentence of 120 days in the county jail.

*Second Probation Violation*

In 2006, defendant violated his grant of probation by failing to participate in sex offender counseling. He was reinstated on probation with an additional sentence of 120 days in the county jail without entering a *Johnson* waiver. The trial court also modified the terms of defendant's probation to allow him to have contact with his own child without the supervision of a responsible adult.

### Third Probation Violation

In 2007, defendant again violated his grant of probation by being in the presence of minors. This time, defendant was hired to build a children's playground set in a family's backyard. The family's one-year-old daughter and four-year-old son were present in the backyard while defendant performed the work, and sat near defendant while he and the family ate lunch together. Defendant admitted that he knew the children were present, and that this was a violation of his grant of probation. After entering a *Johnson* waiver, defendant was reinstated on probation with an additional sentence of 210 days in the county jail.

### Fourth Probation Violation—The Present Case

In 2009, defendant again violated his grant of probation by being in the presence of minors. This time, defendant took his two-year-old son to the pool at his apartment complex. Several children, ages three to nine, were also at the pool with their mothers. While in the pool, defendant played with his son and the other children. As one of the mothers explained: "He was playing with the kids, swimming, splashing them with the . . . long floating [pool noodle] that had two holes in each end, so he was putting water inside one hole and blowing and splashed the kid with the water . . . ." When asked whether the playing was confined to splashing the children, she answered: "Yeah, splashing water, playing around. The kid was asking his son's name. He answered the son's name. And they was all in the water. Their moms didn't ask them to get out of the water. So nothing that I could do about it. But he was playing with the kids." The apartment manager, who had previously been informed by defendant that he was "not to have any interactions with children," unsuccessfully tried to call defendant's probation officer, and then called the sheriff's department. Sheriff's deputies arrived roughly 30 minutes later. Defendant later admitted to his probation officer that he did not have permission to be in the pool with these children.

Defendant moved to dismiss the petition alleging this conduct to be a violation of his probation, arguing that the probation condition prohibiting him from being in the presence of minors is unconstitutionally vague and overbroad because (1) it lacks a knowledge requirement, and (2) the term "presence" is not sufficiently clear to inform him of what conduct will amount to a violation of probation. The trial court agreed with the first of defendant's arguments and modified the condition to read: " 'not be in the presence of any person he knows or reasonably should know to be under the age of 18 without a responsible adult present as approved by the probation officer, except his siblings.' " Defendant's second argument was summarily rejected.

Following the hearing on the petition for violation of probation, the trial court determined that defendant violated this modified probation condition by "being in the knowing presence of a minor under the age of 18 without an approved responsible adult." The trial court revoked defendant's grant of probation, sentenced him to a term of six years in state prison, and imposed other orders. This appeal followed.

## DISCUSSION

### I

We begin by summarizing several principles that govern the grant and review of a petition to revoke probation.

■ Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation. (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 447 [272 Cal.Rptr. 613, 795 P.2d 783] (*Rodriguez*).)[2] " 'When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period. [Citations.]' [Citation.]" (*People v. Johnson* (1993) 20 Cal.App.4th 106, 110 [24 Cal.Rptr.2d 628].) The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. (*Rodriguez, supra,* 51 Cal.3d at p. 447; *People v. Stanphill* (2009) 170 Cal.App.4th 61, 72 [87 Cal.Rptr.3d 643].) "Probation revocation proceedings are not a part of a criminal prosecution, and the trial court has broad discretion in determining whether the probationer has violated probation." (*People v. DeGuzman* (1995) 33 Cal.App.4th 414, 419 [39 Cal.Rptr.2d 137].)

---

[2] Section 1203.2, subdivision (a) provides in full: "At any time during the probationary period of a person released on probation under the care of a probation officer pursuant to this chapter, or of a person released on conditional sentence or summary probation not under the care of a probation officer, if any probation officer or peace officer has probable cause to believe that the probationer is violating any term or condition of his or her probation or conditional sentence, the officer may, without warrant or other process and at any time until the final disposition of the case, rearrest the person and bring him or her before the court or the court may, in its discretion, issue a warrant for his or her rearrest. Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses. However, probation shall not be revoked for failure of a person to make restitution pursuant to Section 1203.04 as a condition of probation unless the court determines that the defendant has willfully failed to pay and has the ability to pay. Restitution shall be consistent with a person's ability to pay. The revocation, summary or otherwise, shall serve to toll the running of the probationary period."

We review a probation revocation decision pursuant to the substantial evidence standard of review (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681 [76 Cal.Rptr.2d 641, 958 P.2d 393]), and great deference is accorded the trial court's decision, bearing in mind that "[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]" (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123 [110 Cal.Rptr. 406].)

"The discretion of the court to revoke probation is analogous to its power to grant the probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action. [Citations.]" (*People v. Silva* (1966) 241 Cal.App.2d 80, 84 [50 Cal.Rptr. 243].) "Many times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense. [Citation.]" (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469 [71 Cal.Rptr. 152] (*Vanella*).) " '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .' " (*Rodriguez, supra,* 51 Cal.3d at p. 443.) And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. (*Vanella, supra,* 265 Cal.App.2d at p. 469.)

II

Defendant contends that the probation condition prohibiting him from being in the "presence" of minors is unconstitutionally vague and overbroad.[3]

■ However, there is a fundamental principle of judicial restraint which prevents us from reaching constitutional issues "unless absolutely required to do so to dispose of the matter before us." (*People v. Williams* (1976) 16 Cal.3d

[3] As a preliminary matter, we disagree with the People's assertion that defendant has forfeited these claims by failing to challenge this probation condition when it was initially imposed, and by failing to challenge it either in 2004 or 2007 when he was twice found to be in violation of the condition. Defendant's facial vagueness and overbreadth challenges to the terms of this probation condition raise pure questions of law, which do not require "scrutiny of individual facts and circumstances," but instead require "the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*In re Sheena K.* (2007) 40 Cal.4th 875, 885 [55 Cal.Rptr.3d 716, 153 P.3d 282].) Accordingly, these claims have not been forfeited. Nor are we persuaded that the "doctrine of estoppel" prevents defendant from challenging the constitutional validity of this probation condition. Aside from asserting that defendant's challenge to the condition is merely an attempt to " 'trifle with the courts' " (*In re Griffin* (1967) 67 Cal.2d 343, 348 [62 Cal.Rptr. 1, 431 P.2d 625]), the People provide no meaningful argument as to why defendant should be estopped from challenging the condition. Thus, we deem this argument by the People to be forfeited. (*M.P. v. City of Sacramento* (2009) 177 Cal.App.4th 121, 134 [98 Cal.Rptr.3d 812]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [41 Cal.Rptr.3d 453]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].)

663, 667 [128 Cal.Rptr. 888, 547 P.2d 1000]; see also *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [45 Cal.Rptr.2d 207, 902 P.2d 225].) Here, we need not decide whether the challenged probation condition is unconstitutionally vague or overbroad because (1) the subject matter of the condition is one upon which a properly tailored condition may be imposed, and (2) defendant's conduct was such that it would breach the condition regardless of how narrowly or precisely worded. Simply put, even if there was constitutional error, as defendant asserts, any such error would be harmless beyond a reasonable doubt.

## A

Trial courts possess broad discretion to devise reasonable conditions of probation in order to foster the reformation and rehabilitation of the probationer and to protect public safety. (§ 1203.1, subd. (j); *In re Luis F.* (2009) 177 Cal.App.4th 176, 188 [99 Cal.Rptr.3d 174]; *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355 [81 Cal.Rptr.3d 878].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], fn. omitted.)

An otherwise valid probation condition may infringe the constitutional rights of the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." (*People v. Peck* (1996) 52 Cal.App.4th 351, 362 [61 Cal.Rptr.2d 1]; see *People v. Jungers* (2005) 127 Cal.App.4th 698, 703 [25 Cal.Rptr.3d 873].) However, such probation conditions must be reasonably related to the compelling public interests of rehabilitation and protection of the public. (*People v. O'Neil, supra,* 165 Cal.App.4th at p. 1356; *People v. Lopez* (1998) 66 Cal.App.4th 615, 627–628 [78 Cal.Rptr.2d 66].)

In *People v. Delvalle* (1994) 26 Cal.App.4th 869 [31 Cal.Rptr.2d 725], the defendant was convicted of attempting to buy a four-year-old girl, placed on probation, and ordered to " 'stay away from any places where minor children congregate.' " The trial court elaborated: " 'The obvious places that come to mind are elementary schools, day care, parks. [¶] Stay away from places where young children are around.' " (*Id.* at p. 878.) The Court of Appeal upheld the validity of this probation condition, explaining: "[T]he state has a compelling interest in the protection of children which justifies the restriction

on [the defendant's] freedom of association. Nor is the condition overbroad as the trial court indicated by example the restriction applied to such places as elementary schools, day-care centers and parks." (*Id.* at p. 879.)

Similarly, in *People v. Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411], the defendant was convicted of committing a lewd and lascivious act on a seven-year-old girl by physically restraining, molesting, and attempting to engage her in sexual intercourse. He was placed on probation and ordered "not to associate with minors under the age of 18, nor frequent places where such minors congregate unless in the presence of responsible adults." (*Id.* at p. 175.) The Court of Appeal upheld the validity of this probation condition even though it interfered with the defendant's "freedom of movement and freedom of choice of places he goes and associates he keeps," explaining that "the condition has a direct relationship to the crime of which defendant is convicted and while it relates to conduct that is in itself not criminal, it forbids conduct that is reasonably related to the prevention of future criminality on [the defendant's] part." (*Id.* at pp. 181–182.)

Here, defendant was convicted of committing a lewd and lascivious act on a minor. He molested several of his sister's friends, ages seven to 15. There can be no doubt that a properly drafted probation condition preventing him from associating with minors would withstand constitutional scrutiny. The state has a compelling interest in protecting children from defendant. Preventing defendant from associating with children is both " 'primarily designed' " to offer such protection and " 'reasonably related' " to that compelling interest. (*People v. Lopez, supra,* 66 Cal.App.4th at pp. 627–628.)

### B

Whether or not the challenged condition should have prevented defendant from "associating" with minors, rather than being in their "presence," we find beyond a reasonable doubt that the trial court would have found that defendant violated the condition. Accordingly, any error was harmless.[4] (See *In re Edgerly* (1982) 131 Cal.App.3d 88, 93 [182 Cal.Rptr. 235].)

---

[4] This conclusion also makes it unnecessary to address defendant's further claim that his constitutional rights were violated when the trial court modified the challenged condition to include a knowledge requirement and then found that he was "in the knowing presence of a minor under the age of 18 without an approved responsible adult." In any event, contrary to defendant's argument, principles of due process do not prevent a court from modifying a probation condition to withstand constitutional scrutiny and then determining that a probationer's conduct constituted a violation of the more narrowly tailored condition. (See *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [60 Cal.Rptr.2d 277, 929 P.2d 596] [rejecting vagueness challenge because knowledge requirement was "fairly implied" in the challenged injunction; "[t]o the extent that it might not be, we are confident that the trial court will . . . impose such a limiting construction . . . by inserting a knowledge requirement should an attempt be made to enforce that paragraph of the injunction" (citation omitted)].) Under no

At defendant's probation revocation hearing, undisputed testimony was adduced that defendant took his two-year-old son to the pool at his apartment complex and played with several children, ages three to nine, who were also at the pool. While the trial court found that defendant violated his grant of probation by being in the presence of these children, we find beyond a reasonable doubt that the court would also have found that defendant was associating with them. Indeed, according to the mother of one of these children, defendant swam with the children in the pool, used a pool noodle to splash them with water, and spoke to at least one of the kids. This testimony was not disputed. Defendant had also previously told the apartment manager that he was "not to have any interactions with children." Thus, defendant understood the probation condition to prohibit him from interacting with children and knowingly violated that condition by doing just that.

We are mindful that principles of due process prevent us from affirming a decision to revoke probation based on a theory not alleged in the revocation petition. (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1086 [22 Cal.Rptr.2d 893]; *People v. Mosley* (1988) 198 Cal.App.3d 1167, 1173–1174 [244 Cal.Rptr. 264].) However, the written petition for violation of probation in this case specifically alleged that defendant was in the pool with several children, and that he spoke with two of these children and splashed them with water. Thus, defendant received adequate written notice of the alleged probation violation. Nor is this a circumstance wherein defense counsel may have prepared a different defense had the petition specified associating with minors as opposed to being in their presence. Simply put, defendant was well aware that associating with, "interacting" with children in the pool, was the basis for the revocation petition.

Based on undisputed testimony adduced during the revocation hearing, we find beyond a reasonable doubt that the trial court would have found that defendant knowingly associated with persons he knew or reasonably should have known to be under the age of 18 without a responsible adult present who had been previously approved by the probation department. Defendant has not demonstrated this to be one of the " 'very extreme' " cases in which an appellate court should interfere with the discretion of the trial court in revoking his probation. (*Rodriguez, supra,* 51 Cal.3d at p. 443; see also *Vanella, supra,* 265 Cal.App.2d at p. 469.)

### III

Defendant further asserts that the trial court should have awarded him custody credit for time served in the county jail following two of his

---

conceivable theory did the trial court's actions constitute a denial of due process. Indeed, the trial court modified the challenged condition to comport with the due process requirement that defendant have knowledge of the facts that amounted to a violation of probation.

probation violations because he did not knowingly and intelligently waive his entitlement to this custody credit.

■ "A *Johnson* waiver is a waiver of a statutory right to credit for time served against a subsequent county jail or state prison sentence pursuant to section 2900.5." (*People v. Arnold* (2004) 33 Cal.4th 294, 307 [14 Cal.Rptr.3d 840, 92 P.3d 335] (*Arnold*).) Such a waiver " 'is commonly employed where the court is hesitant to impose a prison sentence, but a defendant has already served most of the one year maximum permitted in county jail. In such a case, the court may wish to impose enough additional jail time to compel the defendant to recognize the seriousness of his actions, while the defendant wishes to avoid a prison term; by waiving his credits, the defendant submits to additional jail time, but avoids prison.' [Citations.]" (*People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1154, fn. 6 [90 Cal.Rptr.3d 315]; see *People v. Eastman* (1993) 13 Cal.App.4th 668, 678 [16 Cal.Rptr.2d 608].)

However, "[a]s with the waiver of any significant right by a criminal defendant, a defendant's waiver of entitlement to section 2900.5 custody credits must, of course, be knowing and intelligent. [Citation.]" (*Johnson, supra*, 28 Cal.4th at p. 1055.) "The gravaman of whether such a waiver is knowing and intelligent is whether the defendant understood he was relinquishing or giving up custody credits to which he was otherwise entitled under section 2900.5. [Citation.]" (*Arnold, supra*, 33 Cal.4th at p. 308.) While a trial court should expressly advise a defendant that he is giving up his entitlement to custody credits, the failure to do so will not invalidate a *Johnson* waiver where "the defendant is otherwise found to have knowingly and intelligently relinquished his or her right to custody credits under section 2900.5." (*Arnold, supra*, at p. 309.)

At sentencing, defendant was awarded custody credit for the 360 days he served in the county jail in connection with his initial grant of probation. He was also awarded custody credit for the 120 days he spent in the county jail following his second probation violation in 2006 because he did not enter a *Johnson* waiver with respect to this sentence. The trial court also awarded defendant custody credit for 144 days in connection with his fourth probation violation (125 days of actual custody, plus 19 days of conduct credit), for a total of 624 days of custody credit. Defendant was not awarded custody credit for the 120 days he spent in the county jail following his first probation violation in 2004. Nor was he awarded custody credit for the 210 days he spent in the county jail following his third probation violation in 2007.

Acknowledging that he entered *Johnson* waivers in 2004 and 2007, defendant asserts that he is nevertheless entitled to custody credit because he did not enter these waivers knowingly and intelligently. We agree.

In 2004, after defendant admitted to violating his grant of probation, his attorney informed the trial court that he had not explained the *Johnson* waiver to defendant. The trial court then provided the following explanation: "[Defendant], you have previously served 360 days in the county jail on this case. You have a statutory right pursuant to Penal Code Section 19[.2] to serve no more [than] one year in the county jail. [¶] Do you now specifically waive that right pursuant to People versus Johnson and agree to an additional sentence of 120 days in the county jail[?] And I will add, with the understanding that if you are committed to state prison, *you are entitled to credit for these days*?" (Italics added.) After defendant entered the *Johnson* waiver, the trial court reminded him of the seriousness of the situation, and added: "Most people don't get more [than] one chance to waive their rights pursuant to People versus Johnson."

In 2007, after defendant admitted to violating his grant of probation, the trial court asked defendant whether he agreed to serve an additional 210 days in the county jail as a condition of further probation, "in other words, enter a *Johnson* waiver so that you can remain in local custody for 210 days," rather than having to go to state prison. Defendant agreed.

The record does not reveal a knowing and intelligent waiver of defendant's right to custody credits under section 2900.5. Indeed, in 2004, defendant was specifically told that he *would* be entitled to credit for the 120 days he spent in the county jail in connection with a subsequent probation violation if he was then sentenced to state prison. We have no doubt that the trial court meant to state that defendant would *not* be entitled to credit for those days. However, given that defendant's attorney informed the trial court that he had not explained the *Johnson* waiver to defendant, we cannot assume that defendant understood the trial court to mean the opposite of what it stated. Nor does the record reveal that this apparent misconception was somehow cleared up by the time defendant entered his *Johnson* waiver in 2007. With respect to that waiver, defendant was merely asked if he agreed to serve an additional 210 days in the county jail. The trial court did not advise him that he was relinquishing his right to custody credit for those days.

Accordingly, defendant is entitled to an additional 330 days of presentence custody credit.

## IV

Finally, we agree with defendant that the trial court improperly imposed two restitution fines.

Section 1202.4, subdivision (b), provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (§ 1202.4, subd. (b).) Subdivision (m) of section 1202.4 provides in relevant part: "In every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation." (§ 1202.4, subd. (m).)

■ A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 820–823 [76 Cal.Rptr.2d 732]; see also *People v. Arata* (2004) 118 Cal.App.4th 195, 201–203 [12 Cal.Rptr.3d 757] [trial court erred when it imposed a second restitution fine when it had already imposed a restitution fine at the time defendant was granted probation; second restitution fine stricken from the judgment].)

■ In this case, the trial court imposed a $200 restitution fine when defendant was granted probation. Following revocation of defendant's probation, the court imposed an additional $200 restitution fine. While the abstract of judgment discloses only one restitution fine, the oral pronouncement always prevails over the abstract of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337] [abstract of judgment " 'cannot add to or modify the judgment which it purports to digest or summarize' "].)

As was the case in *Chambers* and *Arata*, because the first restitution fine survived the revocation of probation, the second restitution fine was unauthorized and must be stricken from the judgment.

## DISPOSITION

The judgment is modified as follows: (1) Defendant is entitled to a total of 954 days of presentence custody credit. (2) The $200 restitution fine imposed on September 30, 2009, is stricken from the judgment. The $200 restitution fine imposed on October 3, 2002, remains in force. As modified, the

judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the Department of Corrections and Rehabilitation.

Raye, P. J., and Mauro, J., concurred.