Filed 1/30/15  P. v. Gonzales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060795 |
| v. | (Super.Ct.No. FVA1200551) |
| DESIDERIO GONZALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Affirmed as modified.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Desiderio Gonzales is serving six years in prison after having his probation revoked.  Defendant had pled guilty to domestic abuse charges and was

1

initially placed on probation, with the prison sentence suspended. Defendant challenges only the imposition of a $280 restitution fine and a $280 probation revocation fine at the time his probation was revoked, in place of the $240 fines imposed at his original sentencing. For the reasons discussed below, we modify the judgment to reduce each of these fines to $240.

### FACTS AND PROCEDURE

On June 22, 2012, defendant pled guilty to corporal injury on a spouse with a previous conviction for that crime (Pen. Code, § 273.5, subd. (a))[1] and admitted that he personally inflicted great bodily injury (§ 12022.7, subd. (e)) and had suffered a prior felony conviction (§ 667.5, subd. (b)).

On July 23, 2012, the trial court sentenced defendant to six years in prison as follows: two years for the corporal injury conviction, plus three years consecutive for the great bodily injury enhancement, plus one year consecutive for the prior felony conviction. The court suspended execution of the sentence and placed defendant on probation for 36 months, with the included conditions that he violate no law and have no negative contact with the victim. The court imposed a $240 restitution fine pursuant to section 1202.4. The court also imposed a $240 probation fine pursuant to section 1202.44, but stayed it pending successful completion of probation.

On November 27, 2013, the People filed a petition to revoke defendant's probation. On January 31, 2014, the court found defendant had violated the terms of his

---

[1] All section references are to the Penal Code unless otherwise indicated.

probation that he violate no law and have no negative contact with the victim. The court revoked and terminated defendant's probation. The court imposed the previously suspended six-year prison sentence and ordered defendant to pay a $280 probation revocation fine, which it described as having been previously stayed, and a $280 restitution fine if defendant had not already paid it.

This appeal followed.

## DISCUSSION

Defendant contends the judgment must be modified to reduce the amount of the restitution fine and the amount of the parole revocation fine from $280 to $240 each. The People support defendant's argument. We agree.

We begin with the restitution fine. (§ 1202.4, subd. (b).) "A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment. [Citations.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.)

The trial court imposed a $240 restitution fine when it granted defendant probation. That $240 fine survived the revocation of defendant's probation. Thus, the $280 fine imposed when defendant's probation was revoked is unauthorized. Accordingly, we modify the judgment to reflect a restitution fine of $240.

A parole revocation fine must match the amount of the restitution fine. (§§ 1202.45, 1204.4) Therefore, since defendant's restitution fine has to be lowered to $240, his parole revocation fine must also be lowered to match that amount—$240.

3

Accordingly, we modify the judgment to reflect a parole revocation fine of $240 (§ 1202.45).

## DISPOSITION

The judgment is affirmed but modified to reduce the restitution fine to $240 and the parole revocation fine to $240.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.