Filed 10/7/15  P. v. Maravilla CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDY JOSUE MARAVILLA,<br><br>        Defendant and Appellant. | E061418<br><br>(Super.Ct.No. FVI1304147)<br><br>O P I N I O N |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed as modified.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant, Andy Josue Maravilla, appeals from a judgment of conviction of assault with a deadly weapon and from the order granting probation dated May 30, 2014. He contends the trial court exceeded its authority in a subsequent probation revocation proceeding when it imposed a restitution fine pursuant to Penal Code section 1202.4,[1] in addition to the restitution fine ordered in the judgment from which he appeals. The People agree that a second restitution fine would be unauthorized. However, the People argue that this court need not strike either fine because the notation in the minute order for the revocation hearing merely reflects the fine imposed at the sentencing hearing, rather than improperly imposing a second parole revocation fine. We exercise our discretion to treat the notice of appeal as timely filed regarding the second restitution fine and order the minute order modified to clarify that it is a mere restatement of the fine imposed earlier.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with, and convicted by a jury of, assault with a deadly weapon. (§ 245, subd. (a)(1).) At sentencing on May 30, 2014, he was granted probation and ordered to pay a $300 restitution fine pursuant to section 1202.4. The order specifically provides that the restitution fine and other fines and fees "are to remain in

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

effect until paid in full . . . and are not to be discharged upon termination of probation."
Defendant filed his notice of appeal on June 18, 2014.

In preparing the clerk's transcript for this appeal, the clerk included documents subsequent to the judgment appealed from, and subsequent even to defendant's notice of appeal, including the order of June 26, 2014, revoking probation and sentencing defendant to state prison. Under the heading, "FINDINGS/ADVISALS," that order states: "Rest Fine of $300.00 pursuant to 1202.4 PC payable to Rest Fund to be collected by DOC." It is this order that defendant challenges.

## DISCUSSION

"A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment. [Citations.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.)

Accordingly, defendant argues that "this Court should unequivocally hold that only the May 30, 2014, restitution fine is authorized." We understand that argument to concede the correctness of the May 30 order and to request the court to strike or otherwise modify the reference to the restitution fine in the June 26 order.

The People concede that the trial court can make only one order for a restitution fine under section 1202.4, and contend that the reference to the fine in the June 26 order is simply a repetition of the May 30 order. The People urge this court to refrain from striking the fine from the minutes of either hearing.

"A notice of appeal filed before the judgment is rendered or the order is made is premature, but the reviewing court may treat the notice as filed immediately after the rendition of judgment or the making of the order." (Cal. Rules of Court, rule 8.308(c).) This court hereby exercises its discretion to treat the notice of appeal as being from the June 26, 2014, parole revocation hearing, specifically as to the parole revocation fine imposed under section 1202.4. We also order the minute order of June 26, 2014, modified to make clear only a single $300 fine is imposed under section 1202.4. We do this in the interest of judicial efficiency.

### DISPOSITION

The minute order dated June 26, 2014, is modified to add: "This order is a restatement of the order for PC 1202.4 restitution fine made on 05/30/2014 and is not an order for an additional restitution fine." As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CUNNISON
J.*

We concur:

RAMIREZ
P. J.

MILLER
J.

* Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4