Filed 9/29/23  P. v. Fabela CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FLORENTINO FABELA,<br><br>        Defendant and Appellant. | A166534<br><br>(Napa County<br>Super. Ct. No. CR160883) |

Florentino Fabela appeals from the trial court's order terminating his probation as unsuccessful based on his failure to report to his probation officer upon reentry to the country after being deported.  Fabela argues and the Attorney General concedes that the trial court erred because there is no evidence in the record that Fabela reentered the country during his probation period.  Fabela asks us to order the trial court to enter an order terminating his probation as successful at the end of the probation period, but we agree with the Attorney General that the proper remedy is to reverse the judgment and remand to the trial court.

1

## BACKGROUND

In June 2012, Fabela pled guilty to one count of possession of a controlled substance for sale, in violation of Health and Safety Code section 11379, subdivision (b). The trial court suspended imposition of sentence and granted formal probation for three years. One condition of probation was that Fabela had to immediately report to his probation officer if he reentered the country after being deported.

In January 2013, the Napa County Probation Department filed a petition to revoke probation, alleging Fabela had begun the deportation process in July 2012 and had never reported to the probation officer. The trial court summarily revoked Fabela's probation and issued a bench warrant.

Fabela was arrested on the warrant in September 2022. At the contested revocation hearing, Fabela's probation officer testified that Fabela had never reported to probation prior to his September 2022 arrest. Fabela told the probation department in a pre-arraignment interview that he had been deported in October 2012. Fabela later returned to the United States and had been living with his family in San Jose at the time of his arrest.

The trial court noted there was no testimony as to when Fabela had reentered the country, but it concluded that Fabela had committed a "technical violation" by failing to report after reentering. The trial court then terminated Fabela's probation unsuccessfully.

## DISCUSSION

Penal Code section 1203.2, subdivision (a) allows a trial court to summarily revoke a defendant's probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation . . . officer or otherwise that the person has violated any of the conditions of their supervision, or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses." (Pen. Code, § 1203.2, subd. (a); *People v. Leiva* (2013) 56 Cal.4th 498, 505 (*Leiva*).)[1] " 'Such summary revocation gives the court jurisdiction over and physical custody of the defendant and is proper if the defendant is accorded a subsequent formal hearing in conformance with due process. [Citation.] [¶] Therefore, after the summary revocation, the defendant is entitled to formal proceedings for probation revocation. The purpose of the formal proceedings is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation.' " (*Leiva*, at p. 505.)

"The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. [Citations.]

---

[1] Undesignated statutory citations are to the Penal Code. The Legislature amended section 1203.2 in various respects after *Leiva* addressed a prior version of the statute, but none of the changes to the statutory language is relevant here. (See Stats. 2013, ch. 31, § 9; Stats. 2013, ch. 32, § 7; Stats. 2015, ch. 61, § 1; Stats. 2019, ch. 111, § 1; Stats. 2021, ch. 533, § 1.)

'Probation revocation proceedings are not a part of a criminal prosecution, and the trial court has broad discretion in determining whether the probationer has violated probation.' [Citation.] [¶] We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 772–773.)

Fabela argues and the Attorney General concedes that *Leiva* requires reversal of the judgment. In *Leiva*, a trial court placed a defendant on probation in April 2000 for three years and required him to report to his probation officers within one day of his release from jail. (*Leiva, supra*, 56 Cal.4th at p. 502.) However, the defendant was deported the day he was released. (*Ibid.*) The trial court summarily revoked probation in September 2001 and issued a bench warrant. (*Ibid.*) In November 2008, the defendant was arrested following a traffic stop. (*Id.* at p. 503.) Before the probation violation hearing, a report indicated that the defendant had been unable to report to probation because he was deported and had returned to the country in February 2007. (*Ibid.*) At the hearing in February 2009, the trial court found the defendant had violated probation when he returned to the country and did not report to his probation officer. (*Ibid.*) The court reinstated and extended the probation. (*Ibid.*) The defendant appealed. (*Ibid.*)

4

The defendant was deported again a month later. (*Leiva, supra*, 56 Cal.4th at p. 503.) The trial court again summarily revoked probation. (*Id.* at p. 504.) At a hearing after the defendant returned to the country and was arrested, the trial court ordered that probation remain revoked and sentenced the defendant to a term in prison. (*Ibid.*)

The Supreme Court reversed both orders. (*Leiva, supra*, 56 Cal.4th at pp. 504, 518.) Section 1203.2, subdivision (a) stated at the time that the revocation of probation would " 'serve to toll the running of the probationary period.' " (*Id.* at p. 505.) The Supreme Court held this was intended only to preserve the trial court's jurisdiction to adjudicate a claim that the defendant had violated a condition of probation during the probationary period, not to extend the period of probation. (*Id.* at p. 515.) *Leiva* declared, "a trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation.' " (*Id.* at p. 516.)

The parties are correct that *Leiva* is controlling here. Section 1203.2, subdivision (a) currently states that the revocation of probation, "summary or otherwise, shall serve to toll the running of the period of supervision." For present purposes, this language is identical in substance to the version of the statute *Leiva* applied. The trial court terminated Fabela's probation because it believed he had violated the conditions of his probation when he reentered the country. In a colloquy with Fabela's counsel, the trial court indicated that it believed the

5

probation period was tolled when it summarily revoked Fabela's probation. *Leiva* rejected this reasoning, holding that a trial court can only find a probation violation for an action that occurs during the initial probation period, even if probation was summarily revoked. (*Leiva, supra*, 56 Cal.4th at p. 516.) Because there is no evidence of when Fabela reentered the country, the record does not demonstrate that Fabela violated the requirement that he report upon reentry during the probation period.[2]

Although the Attorney General concedes that the trial court erred, he argues that we should remand the case for further proceedings. Fabela argues instead that we should direct the trial court to enter an order terminating probation as successful nunc pro tunc to July 11, 2015, when the probation period expired. He contends that our conclusion that the evidence was insufficient to demonstrate a violation of probation means no issues remain to be litigated.

Fabela relies primarily on *People v. Quarterman* (2012) 202 Cal.App.4th 1280. That court held that issue preclusion barred the prosecution from initiating a second probation violation proceeding after failing to carry their burden of proof in

[2] This is true regardless of whether the probation period was three years, as the trial court originally ordered, or two years under a retroactive application of the recent statutory amendment that reduced the maximum duration of probation to two years. (See *People v. Canedos* (2022) 77 Cal.App.5th 469, 473–474, review granted June 29, 2022, briefing deferred pursuant to Cal. Rules of Court, rule 8.512(d)(2).) We express no opinion regarding the length of Fabela's probation period.

an earlier probation revocation proceeding on the same factual basis. (*Id.* at pp. 1285, 1288, 1291.) But the first probation revocation ruling in that case had issue preclusive effect because it had become final. (*Id.* at pp. 1290–1291.) Here, there has been only one probation revocation proceeding, the outcome of which is not final because we are considering it in this appeal. (*Id.* at pp. 1290–1291 & fn. 12 [judgment is final for issue preclusion when it is " 'free from direct attack' "].) *Quarterman* itself acknowledged that if the original probation ruling had been adverse to the defendant, and the defendant successfully appealed that ruling as unsupported by sufficient evidence, the "reversal on appeal would have resulted in a new hearing . . . ." (*Id.* at p. 1293.) Fabela does not contend that double jeopardy principles are applicable here. (*Id.* at p. 1287 & fn. 9 ["[d]ouble jeopardy principles do not apply in probation revocation proceedings"].) In the context of a prior strike allegation, in which double jeopardy likewise does not apply, our Supreme Court similarly concluded that retrial of the allegation is permitted after the appellate court reverses the finding for insufficient evidence. (*People v. Barragan* (2004) 32 Cal.4th 236, 241–258.)

We recognize that Fabela's counsel stated at the arraignment hearing that Fabela had reentered the country about five years earlier, after his probation period had already expired. But statements of counsel are not evidence (*People v. Mani* (2022) 74 Cal.App.5th 343, 369, fn. 8), and neither the prosecution nor Fabela introduced any evidence at the revocation

hearing to show when Fabela reentered.  We shall therefore reverse and remand for further proceedings.  (*Leiva, supra,* 56 Cal.4th at p. 518 [reversing judgment and remanding for further proceedings consistent with the court's opinion]; § 1262 ["If a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct"].)

## DISPOSITION

The judgment is reversed, and the matter is remanded for proceedings consistent with this opinion.


BROWN, P. J.


WE CONCUR:

GOLDMAN, J.
HIRAMOTO, J.*

*People v. Fabela* (A166534)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.