Filed 12/16/14  P. v. Floyd CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255150 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA078742) |
| v. | |
| ROBEAR WALLACE FLOYD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cynthia L. Ulfig, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Robear Wallace Floyd appeals from the trial court's order revoking probation and ordering him to serve a two-year state prison sentence, execution of which had been previously suspended. (Pen. Code, §1203.2.)[1] Defendant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

*Motor Vehicle Charge*

On November 12, 2013, the Los Angeles County District Attorney's office filed an information charging defendant with receiving stolen property, a motor vehicle, in violation of section 496d, subdivision (a). The information further alleged: (1) defendant previously had been convicted of attempted robbery (sections 664 and 211), a serious or violent felony, and that defendant therefore was subject to sentencing pursuant to sections 667, subdivisions (b)-(j), and 1170.12; and (2) defendant had three prior convictions for felony offenses for which he had served a prison term and had not remained free of prison custody for a period of five years before commission of the current offense (§ 667.5, subd. (b)).

On December 17, 2013, the information was amended and defendant was charged with count two, unlawfully driving or taking a vehicle, in violation of Vehicle Code, section 10851, subdivision (a). The same day, following advisement and waiver of defendant's rights, defendant entered a plea of nolo contendere to count two. The court accepted the plea and sentenced defendant to a two-year prison term, with the execution of the sentence suspended and a three-year term of probation. The court awarded 80 days of presentence credit to defendant and ordered him to pay various fines and assessments.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

*Violation of Probation*

On January 2, 2014, defendant was found in possession of methamphetamine and was arrested. The court thereafter summarily revoked defendant's probation and set a probation violation hearing. Defendant's motion to have his case returned to the original sentencing department was heard and denied.

The court held a probation violation hearing on March 24, 2014. Officer Amores of the Los Angeles Police Department testified that he was on patrol with his partner on the evening of January 2, 2014, when he saw defendant sitting in front of a closed business with his head down. Officer Amores believed defendant was either asleep or trespassing on the property, and therefore approached and engaged defendant. Defendant gave his name and birth date and the officers discovered that he was on formal probation. Defendant consented to be searched (a condition of his probation) and the officers recovered a clear plastic bag from defendant's wallet as well as a hypodermic needle from inside defendant's sock. Officer Amores, a court-qualified narcotics expert, testified that the plastic bag contained a substance that resembled methamphetamine. The officers then placed defendant under arrest. After transporting defendant to the police station, Officer Amores conducted a preliminary test of the substance recovered from defendant, and found that it "tested positive for meth."

At the conclusion of the hearing on March 24, 2014, the court found defendant in violation of probation and ordered him to serve his previously suspended sentence of two years in state prison. The court awarded defendant 192 days of presentence credit and ordered payment of the previously-imposed fines and assessments. Defendant timely appealed.

## DISCUSSION

As noted above, Defendant's court-appointed counsel filed a brief that raised no issues and asked this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d at p. 436.) On August 12, 2014, we sent defendant a letter informing him of the nature of the brief that had been filed and advising him that he had 30 days to file a supplemental brief setting forth issues he wished this court to consider. We received a supplemental letter from defendant on August 21, 2014, raising the issues discussed below.

*A. Defendant's Contentions*

First, defendant asserts that he was tried for the same case in two different counties and sentenced twice for the same crime—violation of Vehicle Code, section 10851, subdivision (a). Neither contention is correct. The proceedings for defendant's vehicle theft case, number PA078742, were held at the San Fernando courthouse in Los Angeles County. The subsequent proceedings for defendant's probation violation, under the same case number, were held in the same courthouse.[2] Following his plea of nolo contendere to the violation of Vehicle Code, section 10851, subdivision (a), defendant was sentenced on December 17, 2013, to a two-year prison term, with the execution of the sentence suspended and a three-year term of probation. Then, on March 24, 2014, the court found that defendant had violated his probation and therefore terminated probation and ordered defendant to serve his (previously-suspended) two-year prison sentence.

Second, defendant's letter asks how he could be found guilty "with **No** hard evidence" or "on just some one['|s statement." Defendant's questions appear to challenge the sufficiency of the evidence supporting the court's finding that defendant violated his probation by possessing methamphetamine. The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446.) We review a probation revocation decision

---

[2] While the details of defendant's methamphetamine case, number LA076412, are not included in the record before us, it appears that this case was also scheduled to be heard in Los Angeles County, at the Van Nuys courthouse.

pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]" ( *People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Here, the court heard testimony from Officer Amores, a court-qualified narcotics expert, that he found on defendant's person a plastic bag containing a substance that resembled methamphetamine, as well as a hypodermic needle of the type used to inject methamphetamine, and that a subsequent chemical test confirmed that the substance was methamphetamine. The court further noted that there was "no evidence that the defendant had a prescription for the syringe that he possessed." Notably, no objections to this evidence were raised during the probation violation hearing. We conclude the trial court did not err in finding that the live testimony of Officer Amores, the arresting officer, at the probation violation hearing was sufficient to establish that defendant violated his probation.

Finally, defendant asks why he never received discovery and why the motions filed by his counsel were denied. Defendant has provided no specific allegations of error with respect to either discovery or any defense motions, and our review of the record reveals none.

## B. *Wende Review*

In addition to considering the issues above, we have independently reviewed the entire record. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at 441.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

6