Filed 12/30/14  P. v. Medina CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252750 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA039809) |
| v. | |
| JOE MEDINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joe Medina appeals from the judgment entered sentencing him to state prison following a contested probation revocation hearing and an order revoking his probation. In 2007, appellant pled no contest to one count of corporal injury to a spouse. (Pen. Code, § 237.5, subd. (a).)[1] He was placed on probation, but the court summarily revoked probation and issued a bench warrant after appellant failed to appear as ordered. In 2013, appellant was arrested on a different charge. The court revoked probation and sentenced appellant to a term of four years. He now appeals.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 12, 2007, appellant argued with his estranged wife, grabbed her throat, and pulled her by the hair. When their seven-year-old child tried to intervene, appellant struck the child in the face with his fist. His wife escaped and called 911. Appellant threatened to kill his wife.

In October 2007, appellant pled no contest to one count of violating section 273.5, subdivision (a). The court suspended imposition of sentence and placed appellant on three years of formal probation. The conditions of probation included that appellant serve 180 days in county jail, pay a $400 domestic violence fine, a $200 restitution fine, and a $20 court security fee. The court ordered appellant to complete a one-year domestic violence program, obey a stay-away order, keep the probation office advised of his home address and phone number at all times, and obey the orders and rules of the probation department.

Appellant also pled no contest to a separate charge of misdemeanor driving under the influence. The court placed appellant on three years of summary

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] There was no trial. The facts accordingly are taken from the probation report.

probation and ordered him to complete a nine-month first offender alcohol program.

The court ordered appellant to report to the court on the first business day after his release from county jail and calendared the matter for January 30, 2008. Appellant failed to appear on January 30. The court revoked probation and issued a bench warrant. Appellant appeared at a bench warrant hearing in June 2013, and the court scheduled a probation violation hearing.

At the June 24, 2013 probation violation hearing, appellant waived his rights to a revocation hearing and admitted he violated probation. The court revoked and reinstated probation.

On July 31, 2013, the court received a notice that appellant had failed to report since July 5, 2013, and that he was arrested on July 29, 2013. The court revoked probation and scheduled a probation violation hearing. The probation report stated that appellant had failed to attend a domestic violence program, keep the probation officer advised of his address and phone number, and obey the rules of the probation department. Appellant told the probation officer that he did not report to the probation office after July 5, 2013 because he was scheduled for back surgery and then was arrested. He also stated that he went to the victim's residence to recover his property because he thought the restraining order had expired.

At a contested probation violation hearing in October 2013, appellant testified that he attended six domestic violence classes while in custody and that he did not pay any of the fines and fees because he did not have a job. The court found that appellant was not credible and that he made excuses for absconding from probation. As to the driving under the influence charge, the court found that appellant failed to complete his alcohol program and failed to report as ordered. Turning to the corporal injury charge, the court found that appellant failed to report

3

to probation, failed to advise his probation officer of his address and phone number, failed to appear on January 30, 2008, and failed to attend his domestic violence counseling program. The court therefore ordered probation to remain revoked and sentenced appellant to the upper term of four years. The court explained that it chose the upper term because the offense involved great violence against the wife and daughter, and because appellant absconded from probation and was not candid with the court. Appellant filed a timely notice of appeal.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On July 23, 2014, appellant filed a supplemental brief, arguing that he complied with the conditions of probation and that the prosecution had not established that he violated probation. He states that the evidence of his participation in anger management courses and his reporting to his probation officer was not presented to the court. Appellant further raises a claim of cruel and unusual punishment because the California Department of Corrections and Rehabilitation is unable to properly care for his medical needs.

Section 1203.2, subdivision (a), authorizes a court to revoke probation "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her supervision." "The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. [Citations.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 772.) We review the probation revocation decision for substantial evidence, according great deference to the trial court's decision. (*Id.* at p. 773.) We will not disturb the trial

4

court's findings absent an abuse of discretion. (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.)

In reviewing for sufficiency of the evidence, "we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence. [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*).) "'We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.]" (*Ibid.*)

The trial court's finding that appellant violated probation is supported by substantial evidence. The probation report clearly delineated the violations, including that appellant failed to report to his probation officer, failed to complete a domestic violence program, and continued to have contact with the victim. We thus disagree with appellant's contention that the prosecution failed to establish that he violated probation.

Appellant claims that he participated in anger management and reported to his probation officer and that this evidence was not presented to the court. However, appellant did testify as to his compliance with probation. The court simply did not believe him, instead finding that appellant was not credible, made excuses, blamed others, and failed to accept any responsibility for his actions. We do not disturb the trial court's credibility findings. (*Zamudio*, *supra*, 43 Cal.4th at p. 357.) Therefore, the trial court's decision to discount appellant's testimony regarding his compliance with his probation conditions was not an abuse of discretion.

Appellant contends that his imprisonment constitutes cruel and unusual punishment because his medical needs will be untreated or mishandled by the California Department of Corrections and Rehabilitation. "Article I, section 17 of the California Constitution prohibits infliction of '[c]ruel or unusual punishment.'

A sentence may violate this prohibition if "'"it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity."'" [Citation.]" (*People v. Em* (2009) 171 Cal.App.4th 964, 972.) Unlike the California Constitution, which prohibits cruel *or* unusual punishment, the Eighth Amendment of the United States Constitution prohibits the imposition of cruel *and* unusual punishment. (U.S. Const., 8th Amend.; see *People v. Carmony* (2005) 127 Cal.App.4th 1066, 1085 [explaining that the distinction "is purposeful and substantive rather than merely semantic"].

Appellant argues that the federal government has recognized the California Department of Corrections and Rehabilitation's deficient medical care. Appellant presumably is referring to the United States Supreme Court's opinion in *Brown v. Plata* (2011) 563 U.S. ___ , 131 S.Ct. 1910 (*Brown*), which affirmed the lower court's order directing California to reduce prison overcrowding in order to remedy violations of the Eighth Amendment caused by inadequate medical care. (See *In re Stoneroad* (2013) 215 Cal.App.4th 596, 633 ["Severe overcrowding in California's prison system and its impact on the provision to inmates of adequate medical and mental health care has recently been found by the United States Supreme Court to violate the Eighth Amendment prohibition on cruel and unusual punishment. [Citation.]"].)

The failure to provide adequate medical care to prison inmates "can constitute an Eighth Amendment violation cognizable under [42 U.S.C.] § 1983. [Citation.]" (*Colwell v. Bannister* (9th Cir. 2014) 763 F.3d 1060, 1066 (*Colwell*).) However, "[i]n order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.' [Citation.] This includes 'both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference.' [Citation.]" (*Ibid.*)

Appellant does not give any details of his "many medical needs," and there is no evidence in the record to "demonstrate the existence of a serious medical need. [Citation.]" (*Colwell*, *supra*, 763 F.3d at p. 1066.) Nor is there any evidence that prison officials have shown or will show deliberate indifference to appellant's medical needs.

The order in *Brown* to reduce California prison overcrowding was the result of two class actions brought under the Prison Litigation Reform Act (18 U.S.C. § 3626), asserting deficient mental health care and medical care in state prisons. In affirming the order, the Supreme Court emphasized that the order limiting the prison population "does not necessarily require the State to release any prisoners." (*Brown*, *supra*, 131 S.Ct. at p. 1929.) Instead, it "left the choice of how best to comply with its population limit to state prison officials." (*Id.* at p. 1943.) The State accordingly could take "steps such as parole reform, sentencing reform, use of good-time credits, or other means to be determined by the State." (*Id.* at p. 1939.)

*Brown* therefore does not support the proposition that appellant's sentence violates the Eighth Amendment because he might receive inadequate medical treatment in prison. Because the means of accomplishing the prison population reduction was left to prison officials, *Brown* does not proscribe sentencing a criminal defendant to state prison based on the general findings regarding the deficiencies in prison medical care. (Compare *Brown*, *supra*, 131 S.Ct. at p. 1942, fn. 11 [distinguishing the order in *Brown* from a federal court order in Philadelphia prohibiting the City from admitting additional inmates to its prisons other than persons charged with serious crimes].)

Appellant has presented no evidence of a serious medical need or of prison officials' deliberate indifference to those alleged needs. Moreover, the factual findings and conclusions of the court in *Brown* regarding the deficiencies in

7

California's prison medical care do not establish, as a matter of law, that appellant will necessarily receive constitutionally inadequate medical care in state prison and thus should not be sentenced to state prison. We therefore reject appellant's claim of cruel and unusual punishment.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P.J.

We concur:

MANELLA, J.

COLLINS, J.