Filed 3/25/21  P. v. Ponce CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CESAR PONCE,<br><br>    Defendant and Appellant. | 2d Crim. No. B301199<br>(Super. Ct. No. TA144745)<br>(Los Angeles County) |

Cesar Ponce appeals the trial court's order revoking his probation and sentencing him to three years in state prison for injuring a spouse, cohabitant, or a child's parent (Pen. Code,[1] § 273.5, subd. (a).)  Appellant contends the court erred in revoking probation.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Because appellant pleaded no contest prior to a preliminary hearing, the relevant facts are derived from the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

probation report. On October 18, 2017, appellant got into an argument with I.R., the mother of his son. Appellant slammed I.R. against the wall, grabbed her left arm, and bit her on her left wrist before fleeing the scene. I.R. was subsequently treated at the hospital for her injuries.

In November 2017, appellant was charged with one count of injuring a spouse, cohabitant, or a child's parent (§ 273.5, subd. (a); count 1), and one count of aggravated assault (§ 245, subd. (a)(4); count 2). Appellant remained at large until his arrest in May 2018.

In September 2018, appellant pleaded no contest to count 1. The court suspended imposition of sentence and placed him on five years of formal probation with various terms and conditions. Among other things, appellant was required to (1) obey all laws and court orders; (2) keep his probation officer advised of his residence and work and telephone numbers; (3) relinquish all firearms; (4) take an AIDS test; (5) pay victim restitution; and (6) complete an approved 52-week domestic violence counseling program. The court also issued a domestic violence protective order (DVPO) prohibiting appellant from having any contact with I.R.

Appellant was also ordered to return to court on November 29, 2018, with proof of his AIDS testing and his enrollment in domestic violence classes. Appellant did not appear at the hearing. Probation was revoked and a no-bail bench warrant was issued for his arrest.

Appellant was arrested and appeared in court on December 6. The court reinstated probation and ordered appellant to appear in court on February 6, 2019, with proof and results of an AIDS test and proof of his enrollment in a domestic violence counseling program.

When appellant appeared at the February 6 hearing, he submitted the results of an AIDS test but offered no proof of his enrollment in a domestic violence counseling program. The court ordered appellant to appear on March 5, 2019, with proof of his enrollment in a domestic violence counseling program. Appellant did not appear at the March 5 hearing or otherwise offer proof of his enrollment in a domestic violence counseling program. The court issued and held another no-bail bench warrant for appellant's arrest and set a bench warrant hold hearing for March 8. After appellant failed to appear at the March 8 hearing, probation was once again revoked and a no-bail bench warrant was issued.

On April 20, 2019, appellant was arrested for violating the DVPO. He was subsequently charged in case number 9CS04053 with one count of violating a DVPO (§ 273.6, subd. (a).) The trial court ordered a supplemental probation report and set the matter for a probation violation hearing, which was ultimately held on August 9, 2019.

In its supplemental report, the probation officer stated that prior to appellant's arrest he had last reported to probation on February 7, 2019. Appellant had been ordered to pay $25 a month toward various fines and fees but had not made a single payment. Appellant had also failed to enroll in a domestic violence counseling program, keep his probation officer apprised of his residence and phone numbers, maintain a residence as approved by probation, report to his probation officer within 48 hours of his release from custody, and obey all laws, court orders, and rules and regulations of the probation department. The probation officer stated: "[Appellant] was granted five years probation and has failed to maintain compliance with the terms and conditions as ordered by the court. [Appellant] knows what

3

is required of him and has been given ample opportunity to comply, but has failed to do so. It appears [appellant] has a history of substance abuse and is either unwilling or unable to cooperate with the probation officer in a plan of supervision. He continues not to cooperate with the probation officer and is not responding to the court's efforts of intervention. Thus, [appellant] has continued to pose a threat to the safety of the victim." Accordingly, it was recommended that appellant's probation remain revoked and that sentence be pronounced and imposed.

Family Violence Deputy Probation Officer Lyric Dill testified at the probation violation hearing. At the prosecution's request, the court took judicial notice of the record in case number 9CS04053, in which appellant was charged with violating the DVPO.

Appellant provided no evidence at the hearing, but argued that the court should "extend" probation because his father had died and he was homeless and unemployed. The prosecutor responded: "[T]he fact that [appellant] is homeless is separate and apart from his obligations to this court and to the probation officer. It was never conveyed that he would not be able to come to court. He could have just come into court on his own and not have bench warrant for his arrest. There was testimony that there [have] been three separate incidents where he failed to appear in court and a bench warrant issued for his arrest. There have been three separate times where [Dill] has given him re-enrollment papers so that he can re-enroll. But it appears as though he is not taking this obligation seriously. On top of that, counsel has not even addressed the fact that his client picked up a new misdemeanor case, which is in violation of his probation. So based upon that, the People believe that based upon the

4

preponderance of the evidence, that there is sufficient evidence to prove that he is in violation of his probation at this moment."

The court found "that the People have met their burden that [appellant] did violate his probation, and his probation remains revoked." The court sentenced appellant to the midterm of three years in state prison and awarded him 54 days of presentence custody credit. On the prosecution's motion, case number 9CS04053 was dismissed in the interests of justice pursuant to section 1385.

## DISCUSSION

Appellant contends the court erred in revoking probation. We disagree.

Section 1203.2, subdivision (a) authorizes the court to revoke probation after proper notice and a hearing if "the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision . . . or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses." "'As the language of section 1203.2 would suggest, the determination whether to . . . revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.]" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

"We review a probation revocation decision pursuant to the substantial evidence standard of review (citation), and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "'"[O]nly in a

5

very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .'" [Citation.] And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. [Citation.]" (*Ibid.*)

Appellant contends the trial court erred in revoking probation because the evidence is insufficient to prove by a preponderance of the evidence that he "committed a new crime or violated a court order," i.e., that he violated the DVPO. He claims that the record in case number 9CS04053, of which the trial court took judicial notice, "did not reference a police report or any other factual account of appellant's conduct in support of the new complaint." Appellant, however, has not presented a sufficient record for our review of this claim. He did not file a request for judicial notice of the record in case number 9CS04053. Instead, he merely purports to set forth the contents of the documents included in that record.

In any event, appellant concedes that the evidence is sufficient to support a finding that he had failed to enroll in a domestic violence counseling program, which was an express term and condition of his probation. Moreover, appellant's probation had been previously revoked and reinstated for the very same violation. He also acknowledges that he had not made a single payment toward his financial obligations. The probation report further reflects that appellant had effectively absconded from probation supervision in February 2019. In light of this evidence, the court did not abuse its discretion in revoking probation. (*People v. Urke*, *supra*, 197 Cal.App.4th at p. 773.) Although appellant offers that his failure to enroll in a domestic violence counseling program was not willful because "there is a strong and reasonable inference" that he could not afford to pay

6

the costs of such a program, he acknowledges that he offered no evidence on this issue at the probation violation hearing.

The court also acted within its discretion in terminating probation and imposing a prison sentence rather than reinstating appellant on probation. The trial court is vested with broad discretion in determining whether to reinstate probation following revocation or probation. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.) Appellant's poor performance on probation was an aggravating factor (Cal. Rules of Court, rule 4.414(b)(2)), and a single aggravating factor is sufficient to justify the denial of probation (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1158). Moreover, the court is presumed to have considered all the relevant criteria relating to the grant or denial of probation. (Cal. Rules of Court, rule 4.409.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

7

Lynn D. Olson, Judge
Superior Court County of Los Angeles

_____

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.