Filed 3/2/15  P. v. Hildebrant CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DARRELL RUSSELL HILDEBRANT,<br><br>      Defendant and Appellant. | A142699<br><br>(Contra Costa County<br>Super. Ct. No. 41706761) |

Appointed counsel for defendant Darrell Russell Hildebrant has asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues that require briefing.  Defendant was advised of his right to file a supplemental brief of his own, but he elected not to do so.  Our review of the record shows the following:

On September 27, 2011, the date set for a preliminary examination, defendant entered a plea of guilty to a single charge of receiving stolen property.  (Pen. Code, § 496, subd. (a).)  The plea was part of a negotiated disposition for dismissal of all other charges, suspending imposition of sentence, and defendant's admission to probation for three years upon specified conditions.  The probation officer's report advised the court that "defendant has 11 felony convictions," and "has had a total of 10 grants of probation, with seven revocations and two grants terminat[ed] as unsuccessful."  In addition, the court was told that defendant had a number of misdemeanor convictions, "two of which are for carrying a concealed weapon, two for resisting arrest, two for possession of controlled substances and one for possession of a hypodermic needle or syringe."

1

In April 2013, the probation office filed a petition to revoke defendant's probation on the ground that "On 4/10/13, Probation arrested the defendant when, during a home search of his possessions, he was found with a can of Pepper Spray, a variety of controlled substances without prescription, knives, shaved keys, and drug paraphernalia." That same month defendant admitted the violation, and was readmitted to probation.

In February 2014, the probation office filed another revocation petition, this time for which multiple grounds were alleged: "On 1/19/14, the defendant was arrested by El Cerrito PD, report 14-1389, for violations of PC 22210 [possession of "any instrument or weapon . . . commonly known as a billy"], CVC 12500(a) [operating a motor vehicle without a license] and 23222(b) [operating a motor vehicle with more than one ounce of marijuana]. [¶] The defendant failed to report police contact to Probation. [¶] The defendant has not made any payments towards restitution of $36,000."

The revocation petition was eventually heard on August 1. The proceeding commenced with the court hearing and denying defendant's motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court then denied defense counsel's oral request for a continuance.

El Cerrito Police Sergeant Scott Cliatt testified to the circumstances of the traffic stop of defendant's vehicle, defendant's inability to produce a driver's license, and—upon learning that defendant was on probation—the ensuing vehicle search that resulted in discovery of "two billy clubs . . . a bag of green, leafy substance, which I believed to be marijuana," and "a glass pipe which I recognized as a smoking device for methamphetamine."

The second witness was Probation Officer Mimi Trentini, who testified to defendant's failure to report his encounter with Sergeant Cliatt, and his failure in 2014 to make any payment towards discharging the court-ordered restitution, despite regular employment. Defendant had paid $12,700 in the previous year, and recently told Trentini he hoped to resume payments to the victim.

Defendant was the final witness. He testified that when stopped he was driving his son's vehicle, and he had no knowledge of the billy clubs or the pipe discovered by

Sergeant Cliatt. Defendant's employment was not as continuous as Trentini believed, but he testified he did not report to her during periods of employment because "I didn't think I had to once I was laid off," and "All she [ever] wanted to see was my paycheck stubs."

After hearing extensive argument from counsel, the court found defendant in violation of his probation. Defendant was re-admitted to probation upon specified conditions.

We have reviewed the sealed transcript of the very brief *Marsden* hearing, and discovered no basis for overturning the denial of defendant's motion, which he conceded was based on a misunderstanding.

The trial court did not abuse its discretion in denying the requested continuance, because Penal Code section1050, subdivision (b) expressly requires such a motion to be in writing "together with affidavits or declarations detailing specific facts showing that a continuance is necessary." This point notwithstanding, counsel at all times defended his client's interests in a competent and professional manner.

The conduct of the revocation hearing was in compliance with all constitutional requirements. (See *People v. Arreola* (1994) 7 Cal.4th 1144, 1152-1156 and authorities cited.)

The decision to revoke a defendant's probation is entrusted to the trial court's discretion (*People v. Rodriguez* (1990) 51 Cal.3d 437, 445), and that discretion is not abused where revocation is supported by substantial evidence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 772-773.) With due respect for the trial court's powers as the trier of fact, revocation was supported by more than ample evidence.

None of the conditions imposed on the latest grant of probation amounts to an abuse of trial court's discretion. (See *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 and authorities cited.)

The order of probation is affirmed.

_____

Richman, J.

We concur:


_____

Kline, P.J.


_____

Miller, J.