Filed 7/29/15  P. v. Sashkin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JULIE SUZANNE SASHKIN,<br><br>    Defendant and Appellant. | G050365<br><br>(Super. Ct. No. 13HF2408)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Law Office of Zulu Ali, Mohammad H. Iranmanesh and Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Christopher Beesley, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

The trial court found defendant Julie Sashkin violated the terms of her probation by entering her parents' home. She had pleaded guilty to elder abuse against her 84-year-old father, and protective orders required her to stay 100 yards away from the elder Sashkins. Sashkin contends the court abused its discretion in revoking probation because there was insufficient evidence she acted intentionally, and by failing to address whether her conduct threatened public safety. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In December 2013, Sashkin pleaded guilty to elder abuse under circumstances likely to produce great bodily harm (Pen. Code, § 368, subd. (b)(1); all statutory citations are to this code) and willfully violating a protective order resulting in physical injury. (§ 166, subd. (c)(2) She provided the following factual basis for her plea: "[O]n July 29, 2013, under circumstances likely to cause great bodily harm, I willfully and unlawfully inflicted unjustifiable physical pain on Lawrence S. who I knew was 84 years old and I did so in violation of a court protective order that was made pursuant to Penal Code section 136.2 as a condition of my probation and I caused injury to Lawrence S." She agreed the court would place her on probation, and if she was "found in violation of any of the terms or conditions of probation, the court may sentence [her] to . . . state prison." One of Sashkin's probation conditions prohibited her from being within 100 yards of her parents.

Sashkin was released from jail on December 31, 2013. On January 6, 2014, the probation department filed a petition alleging Sashkin had contravened the terms of her probation by violating a local ordinance against public intoxication, and using, possessing, or consuming alcohol on January 3, 2014. According to the probation officer's report, Sashkin's mother stated Sashkin went to the Social Security office to apply for disability benefits and was arrested for being drunk in public. Although

2

Sashkin was barred from contact with her parents, Mrs. Sashkin allowed her daughter back into the home because she wanted to help her. The probation officer recommended a prison sentence, or continuous electronic monitoring (GPS) if the court continued Sashkin on probation. Sashkin admitted the violation, and the court reinstated probation, ordered Sashkin to serve 90 days in jail, and directed her to submit to GPS monitoring.

Sashkin was released from jail on February 18, 2014. On March 10, 2014, the probation department filed a second probation violation petition: "On March 7, 2014, the probationer was at the protected person's residence while the protected person was at home." At the probation violation hearing, Sashkin's probation officer testified he received notification from the GPS system administrator Sashkin was at her parents' residence on March 7. He attempted to telephone Sashkin, but she did not answer. He went to the parents' home and found Sashkin there with her parents.

The court found Sashkin violated the terms of her probation, and imposed a three-year midterm prison sentence.

## II

### DISCUSSION

Sashkin contends the court abused its discretion by finding she violated the terms of her probation. She argues, "Based upon the evidence presented at the evidentiary hearing, the Court failed to consider whether [her] conduct threatened the public safety. Furthermore, there was insufficient testimony presented . . . to establish that [she] acted intentionally in going to the prohibited residence as [she] suffers from long-term mental illness, and has a previous history of acting unintentionally as a result of her mental condition."

Section 1203.2 provides that during the period of probation supervision, "the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the

3

conditions of his or her supervision, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses." We review the trial court's decision to revoke probation for abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443, 445.) "Although a court may not act arbitrarily or capriciously in revoking probation [citation], its discretion in this matter is very broad." (*People v. Breaux* (1980) 101 Cal.App.3d 468, 475; see *People v. Urke* (2011) 197 Cal.App.4th 766, 773 [trial court's discretion should not be disturbed absent a showing of abusive or arbitrary action and defendant bears the burden of demonstrating an abuse of discretion].) A trial court acts within its discretion where it finds a probationer willfully violated the terms of probation. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982.)

Here, the probation officer testified Sashkin went to her parents' home in violation of protective orders and the terms of her probation. Although defense counsel asserted at the hearing Sashkin had a "deeper" problem than alcohol abuse that prison would not solve and suggested an "evaluation" determine whether Sashkin had mental health issues, and the court considered a diagnostic referral (see § 1203.03), the record contains no evidence Sashkin suffered from any mental disease precluding her from acting willfully, or that her violation of probation on this occasion was not willful or caused by circumstances beyond her control. (See § 7 ["'willfully' implies simply a purpose or willingness to commit the act, or make the omission [and] does not require any intent to violate law, or to injure another, or to acquire any advantage"].)

Sashkin also cites no authority the court must consider whether a probationer's conduct threatens public safety before it may revoke probation. In any event, Sashkin committed elder abuse against her 84-year-old father in July 2013, and was directed to stay away from her parents. She had a history of alcohol abuse and criminal violence, including two acts of violence against her father, and violence against romantic partners and others. She had failed probation in this case on two occasions.

4

The prosecutor noted she had "14 convictions on separate cases, some of those cases [with] multiple violations," and she had "a dozen or more violations of probation." In the probation report Sashkin confessed she did not know why she "assaults her parents and she does it when she is intoxicated and she does not remember the incidents." Sashkin's mother told the probation officer she felt she needed to help her daughter in complying with probation even though the probation officer advised her she was endangering herself and her husband. The court reasonably could conclude a prison sentence was warranted based on Sashkin's inability to comply with the conditions of her probation, and to protect Sashkin's elderly parents from physical abuse.

## III

### DISPOSITION

The order revoking Sashkin's probation and imposing sentence is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.