Filed 12/4/15  P. v. Raya CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICAEL A. RAYA,<br><br>Defendant and Appellant. | C076859<br><br>(Super. Ct. No. 13F04018) |

Appointed counsel for defendant Micael A. Raya asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged with two counts of inflicting corporal injury resulting in a traumatic condition on the parent of his child or children (Pen. Code, § 273.5, subd. (a);

1

counts 1 and 2),[1] and as to both counts it was alleged defendant had a prior domestic violence conviction within the meaning of section 273.5, subdivision (e)(1). Defendant was also charged with vandalism resulting in damage in an amount exceeding $400 (§ 594, subd. (a); count 3). It was further alleged defendant had a prior serious or violent felony conviction within the meaning of section 1192.7, subdivision (c).

Defendant pleaded no contest to count 1 and admitted a prior strike in exchange for a sentence of four years in state prison and a dismissal of the other charges. The following factual basis for the plea was submitted to the trial court: "On June 22, 2013, . . . defendant was living with his girlfriend at the time and he began to argue with her and he put a -- he had a cigarette in his hand which he put on or near her face, which caused a burn to her face on her cheek."

The court found a factual basis for the plea, dismissed the balance of the charges, and sentenced defendant to an aggregate term of four years in state prison pursuant to the terms of the plea. The trial court also awarded defendant 744 days of presentence custody credit (372 days of actual credit and 372 days of conduct credit), ordered him to pay a restitution fine of $400 (§ 1202.4), ordered and stayed a parole revocation restitution fine (§ 1202.45),[2] imposed a $40 court operations assessment and a $30 criminal conviction assessment, and ordered restitution for the victim.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     The record reflects that in the oral pronouncement of judgment and sentencing, the trial court imposed and stayed a parole revocation fine of $500. While the oral pronouncement of judgment generally controls when there is a discrepancy between it and the clerk's minutes (*People v. Urke* (2011) 197 Cal.App.4th 766, 779), the reporter's transcript does not automatically control. Where a record is in conflict and cannot be harmonized, the part of the record that prevails is the one entitled to greater credence, which is a factually dependent determination. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) Here, the reporter's transcript indicates the fine was imposed in the amount of $500; however, the clerk's minutes and the abstract of judgment both reflect the amount of the fine is $400, which is the amount of the restitution fine. As the parole revocation

2

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____

HOCH, J.

We concur:


_____/s/_____

NICHOLSON, Acting P. J.


_____/s/_____

BUTZ, J.

---

fine must be imposed in the same amount as the restitution fine (§ 1202.45, subd. (a)), we conclude the clerk's minutes and abstract of judgment are a more credible memorialization of the proceedings than the reporter's transcript, which we view as containing a clerical error in the transcribed amount of the parole revocation fine. (See *In re Candelario* (1970) 3 Cal.3d 702, 705 [appellate court has inherent power to correct clerical errors].) Since the abstract of judgment accurately states this fine, no correction is required.