Filed 6/24/16  P. v. Choi CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B267737 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 5PR03876) |
| v. | |
| ERNEST JIM CHOI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Commissioner.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant, Ernest Jim Choi, appeals from a postjudgment order.  Defendant was convicted in August 2013 after pleading nolo contendere to stalking in violation of Penal Code section 646.9.[1]  He was subsequently released from state prison subject to postrelease community supervision.  (§ 3450 et seq.)  On June 23, 2015, a revocation petition was filed.  (§§ 1203.2, subd. (b)(1), 3455.)  On September 24, 2015, the trial court found defendant in violation of the conditions of his release.  The trial court revoked and reinstated postrelease community supervision with modified conditions.  We affirm the order.  During the revocation hearing, the parties at times referred to defendant being on "probation."  He was not, however, on probation.

# II.  DISCUSSION

## A.  The *Wende* Brief

We appointed counsel to represent defendant on appeal.  After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.)  On April 11, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.  After conducting our mandatory review of the record, we ordered the filing of the normal record on appeal because of an apparent error in the calculation of presentence conduct credits.  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

## B. Substantial Evidence Supported the Violation Order

Substantial evidence supported the trial court's violation finding. (Cf. *People v. Arreola* (1994) 7 Cal.4th 1144, 1161 [probation revocation decision reviewed for substantial evidence]; *People v. Urke* (2011) 197 Cal.App.4th 766, 773 [same].) The terms and conditions of defendant's supervision included permitting search of his residence and complying with instructions by local supervision authorities. Defendant refused to open his door when probation officers conducted a field visit on June 14, 2015. Defendant also failed to report as instructed on June 15, 2015. Defendant had not contacted the probation department since that time. The trial court did not abuse its discretion when it revoked and reinstated supervision with modified conditions. (Cf. *People v. Catalan* (2014) 228 Cal.App.4th 173, 179 [mandatory supervision]; *People v. Urke, supra,* 197 Cal.App.4th 766, 773 [probation]; see *People v. Rodriguez* (1990) 51 Cal.3d 437, 443 ["'the determination whether to grant or revoke probation is largely discretionary'"], 445 ["[o]ur trial courts are granted great discretion in determining whether to revoke probation"].)

## C. Defendant's Assertions

Defendant contends that as a condition of his plea he would be subject to parole but not post-release community supervision. He also states in his letter brief that he "may not" have entered into the plea if he had been advised otherwise. Defendant filed a declaration in support of his motion to terminate supervision. Defendant's declaration does not support the claim on appeal that a condition of his plea was that he would not be subject to postrelease community supervision. In a September 14, 2015 declaration, defendant avers, "On August 1, 2013, I plead nolo contendere as part of a plea bargain that assured me that I would not have to report to a *parole or probation* office upon release from prison." (Italics added.) Defendant also acknowledges that on February 5, 2014, he signed a "Notice and Conditions of Postrelease Community Supervision" form

and indicated, "I have read, or have had read to me, and understand these conditions as they apply to me." In any event, release on parole versus postrelease community supervision was not a negotiable term of defendant's plea. As the Court of Appeal has observed, "[Postrelease community supervision] does not change any terms of a defendant's sentence, but merely modifies the agency *that* will supervise the defendant after release from [custody]." (*People v. Jones* (2014) 231 Cal.App.4th 1257, 1267; see *People v. Douglas* (2015) 240 Cal.App.4th 855, 864-865.) Moreover, the Court of Appeal has explained, "[Postrelease community supervision] conditions, like parole conditions, are not a matter of choice, and there is no voluntary consent to the conditions." (*People v. Jones, supra*, 231 Cal.App.4th at p. 1267, fn. 8; see *People v. Douglas*, *supra*, 240 Cal.App.4th at p. 865.)

Defendant further argues stalking is a serious felony making him ineligible for postrelease community supervision. (§ 3451, subd. (b)(1).) That contention is without merit. Stalking is not a serious felony. (§ 1192.7, subd. (c).) Defendant has not raised any arguable contentions which would warrant setting aside any of the trial court's orders.

## III.  DISPOSITION

The September 24, 2015 order revoking and reinstating postrelease community supervision is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:



KRIEGLER, J.



BAKER, J.