Filed 1/11/22  P. v. Deanda CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B310489 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA152799) |
| v. | |
| JESUS DEANDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

California Appellate Project and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Jesus Deanda appeals from the trial court's order revoking his probation and imposing a previously suspended five-year prison sentence. The trial court found Deanda violated the terms of his probation when he went to his father's house in violation of a protective order that required him to stay 100 yards away from his father. Deanda argues the court abused its discretion when it revoked his probation and imposed the five-year prison sentence rather than reinstating probation and ordering him to attend a residential drug treatment program. Because it was well within the court's discretion to revoke probation and impose the five-year prison sentence, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Deanda Pleads No Contest to Stalking, and the Trial Court Places Him on Probation*

The People charged Deanda with stalking his father after having been convicted of violating a protective order. (Pen. Code, §§ 273.6, 646.9, subds. (a) & (c)(1).)[1] Deanda pleaded no contest, and the trial court imposed and suspended execution of a five-year prison sentence and placed Deanda on formal probation for five years. One of the conditions of Deanda's probation was that he comply with a protective order prohibiting him from having any personal, electronic, telephonic, or written contact with or coming within 100 yards of his father, Jesus Deanda, Sr.

---

[1]	Statutory references are to the Penal Code.

B.    *Deanda Violates the Terms of His Probation by Going to His Father's Home*

Six days after he pleaded no contest, Deanda violated the protective order by going to his father's home in the middle of the night. Deanda's father called the 911 emergency operator, and Deputy Sheriff Francisco Valle responded. Deputy Valle found Deanda in the side yard, within 100 yards of the house. Deanda, who appeared to be intoxicated, told Deputy Valle that he knew he was not supposed to be at his father's home, but that his cousin told him to go there. Deanda also told Deputy Valle that he knew there was a restraining order against him, but that he was drunk and wanted to go to his father's home.

Deanda's father told Deputy Valle that he saw Deanda walking back and forth in the back yard and that he yelled out the window, "Hey, leave. You can't be here." Deanda, however, did not leave. Deanda's father gave Deputy Valle copies of two protective orders against Deanda, including the one issued six days earlier.

C.    *The Trial Court Revokes Deanda's Probation and Imposes the Five-year Sentence*

The trial court revoked Deanda's probation, set the matter for a probation violation hearing, and ordered a supplemental probation report. At the probation violation hearing, the court found Deanda violated the terms of his probation. The court denied Deanda's request that the court order him to participate in a residential drug treatment program and imposed the suspended five-year prison sentence. Deanda timely appealed.

# DISCUSSION

A. *Applicable Law and Standard of Review*

At any time during probation, the trial court may hold a hearing to "revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions" of probation. (§ 1203.2, subd. (a); see *People v. Leiva* (2013) 56 Cal.4th 498, 504-505.) We review the trial court's finding a defendant violated the terms of his probation for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318; see *People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "We consider 'whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision.'" (*People v. Buell* (2017) 16 Cal.App.5th 682, 687.) We review a trial court's decision to revoke and terminate probation for abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) "[G]reat deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.'" (*Urke,* at p. 773.) "'"[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation."'" (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.)

B.    *The Trial Court Did Not Abuse Its Discretion in Revoking and Terminating Deanda's Probation*

It was undisputed Deanda violated the protective order when he went to his father's house.  Substantial evidence supported the trial court's finding Deanda violated the terms of his probation, and Deanda does not argue otherwise.

Deanda's only argument is that the trial court abused its discretion in revoking his probation and sentencing him to prison, rather than ordering him to attend a residential drug treatment program.  According to Deanda, despite his lengthy criminal record (six felony convictions and 22 misdemeanor convictions), his only crimes in the past 10 years have been offenses related to his drug and alcohol use and for violating a protective order by contacting his father, who does not want contact with Deanda until he addresses his drug and alcohol problems.

At the probation revocation hearing, Deanda made the same argument:  The court should order him to attend a drug treatment program rather than send him to prison.  The trial court's decision, however, to deny that request, revoke Deanda's probation, and impose the five-year sentence was well within the court's discretion.  (See *People v. Rodriguez, supra*, 51 Cal.3d at p. 445 ["trial courts are granted great discretion in determining whether to revoke probation"]; *People v. Kingston, supra*, 41 Cal.App.5th at p. 278 ["'We will not interfere with the trial court's exercise of discretion [in granting or denying probation] "when it has considered all facts bearing on the offense and the defendant to be sentenced."'"]; *People v. Stuckey* (2009) 175 Cal.App.4th 898, 916 ["[r]einstatement of probation . . . requires a determination by the trial court that the interests of

5

justice so require," and what "the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court"].)

The trial court considered all the relevant facts, including Deanda's criminal history, his substance abuse, and his conduct while on probation. At age 38, Deanda had six felony convictions and 22 misdemeanor convictions, a rate of one to two convictions per year as an adult. Deanda had a history of stalking his father and violating court orders that prohibited him from having contact with his father. As the trial court described it, "We are dealing with multiple cases where you are putting your own blood parents through hell." Deanda had been on probation for his most recent conviction for stalking only six days when he violated the terms of his probation and the protective order by returning to his father's home. As the trial court told Deanda, "You have been making bad decisions for a long time and have to deal with the consequences."

Deanda argues it was an abuse of discretion for the trial court to send him to prison rather than order him to receive drug treatment. With the exception of a theft conviction 12 years earlier, he argues, he has committed no violent crimes. He asserts that his lengthy criminal record is a result of his addiction and that "society would be far better served by treating [his] addictions, rather than simply locking him away for two years, and then releasing him into the same environment." Deanda argues that he has never received treatment for his addiction prior to incarceration and that even his father, the sole victim of his most recent crime, wanted the court to order Deanda

to participate in a treatment program rather than send him to prison.[2]

The trial court considered and denied Deanda's request to reinstate his probation and order him to participate in drug treatment. Given Deanda's long history of substance abuse and criminal activity, his failure to attend treatment programs or overcome his addiction, and his repeated violation of protective orders, the court acted within its broad discretion in revoking Deanda's probation and imposing the five-year sentence. Deanda "has not demonstrated this to be one of the "'very extreme'" cases in which an appellate court should interfere with the discretion of the trial court in revoking his probation." (*People v. Urke, supra,* 197 Cal.App.4th at p. 776.)

---

[2] Deanda asserted in the trial court and asserts on appeal he has never received or been ordered by a court to participate in a drug treatment program. The probation report suggests, however, one of Deanda's probation violations in a prior case was for failing to provide proof of participation in a residential treatment program.

## DISPOSITION

The order revoking Deanda's probation is affirmed.


                        SEGAL, J.


We concur:


        PERLUSS, P. J.


        FEUER, J.