Filed 3/27/23  P. v. Skinner CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>KEVIN LASHAWN SKINNER,<br><br>　　　Defendant and Appellant. | B322592<br><br>(Los Angeles County<br>Super. Ct. No. KA128543) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Victor Martinez, Judge.  Affirmed.

　　　John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

―――――――――――――――

Kevin Lashawn Skinner appeals from a judgment entered after a probation violation hearing at which the trial court revoked his probation and sentenced him to the lower term of three years in prison for the crime of furnishing marijuana to a minor over 14 years of age. He contends the trial court abused its discretion in sentencing him to prison. We disagree and affirm the judgment.

## BACKGROUND

### I. Skinner's Probation

A felony complaint, filed on September 21, 2021, charged Skinner with two counts of furnishing marijuana to a minor over 14 years of age. (Health & Saf. Code, § 11361, subd. (b).) As alleged in the complaint, count 1 concerned an incident occurring on or about July 18, 2021 involving minor Amari W. Count 2 concerned an incident occurring on or about July 19, 2021 involving minor Sarai M. Skinner pleaded not guilty to the charges.

On December 21, 2021, before a preliminary hearing was held, Skinner changed his plea. The parties stipulated that the complaint be deemed an information. The prosecutor informed Skinner that the offense of furnishing marijuana to a minor over 14 years of age carried a maximum prison sentence of five years. Skinner waived his constitutional rights and pleaded no contest to count 1. Pursuant to a plea deal, the trial court (Judge David C. Brougham) suspended imposition of sentence, placed Skinner on formal probation for two years, and dismissed count 2.

The terms and conditions of Skinner's probation included, but were not limited to: serving 64 days in county jail (with credit for 64 days); completing 30 days of community labor; participating in a 52-week sexual offender management program;

2

and staying away from Amari W. and Sarai M.  The trial court admonished Skinner that it was "[v]ery important" that he have "[n]o contact with [Amari and Sarai] whatsoever, adding, "If you have any contact with them, you'll go right to jail."  The record reflects Sarai reported that during the incident in which Skinner gave her marijuana, Skinner placed her hand on his penis and asked her for oral sex.  At the time of this encounter, Skinner was 50 years old, and Sarai was 17, but Sarai reportedly told Skinner she was 18.  Amari reportedly told Skinner she was 16 years old at the time he gave her marijuana.

## II.    Skinner's Progress on Probation

At a progress hearing on February 22, 2022, the trial court (Judge Douglas Sortino) found Skinner in substantial compliance with his probation.  He had completed more than two-thirds of his community labor obligation, and he was enrolled in and attending a sex offender program.

At the next scheduled progress hearing on May 27, 2022, the trial court (Judge Douglas Sortino) noted that Skinner had completed his community labor obligation (30 days), and he was continuing to participate in his sex offender program.  The court also noted it had reviewed a supplemental probation report, which stated Sarai reported that Skinner contacted her through a social media platform in March and May 2022.  The probation officer interviewed Sarai, then Skinner, and each showed the probation officer cell phone screenshots of the communications between them.  The probation officer attached to the report printed copies of the screenshots, totaling 14 pages.  Based on Skinner's contact with Sarai, notwithstanding the stayaway order, the probation officer recommended the court find Skinner to be in violation his probation and require him to serve 365 days

3

in county jail, be placed on an electronic monitoring device, not be in possession of a smart phone/device, and have no contact with Amari and Sarai.

At the May 27, 2022 hearing, the trial court revoked Skinner's probation and set the matter for a probation violation hearing. The court commented that if this were found to be a knowing and willful violation of the terms of probation (i.e., Skinner was aware he was communicating with Sarai, a person protected under the stayaway order), it "would justify a termination of probation and a custodial term." The court issued a written criminal protective order, restraining Skinner from having any contact with Amari W. and Sarai M. or coming within 100 yards of them. The protective order was served on Skinner at the hearing. The court allowed Skinner to remain out of custody on his own recognizance until the next hearing, so long as he did not violate the protective order.

## III. Probation Violation Hearing

Sarai and Skinner testified at the July 12, 2022 probation violation hearing held before Judge Victor D. Martinez.

### A. Sarai's testimony

Sarai stated that on March 3, 2022, Skinner contacted her by direct (text) message through her "private" Instagram account. The account at issue displayed a recent photograph of her face and listed her name as Sarai "A[.]" (not Sarai "M[.]," the name she used in these court proceedings).[1] Sarai stated that Skinner had contacted her through this same Instagram account prior to

---

[1] Sarai also had a second, public Instagram account, which she referred to as her "regular one." The second account also displayed a photograph of her face, but listed her name as Sarai "M[.]"

the filing of the criminal charges in this case. Between March 3 and 5, 2022, Skinner continued to contact Sarai through this Instagram account by sending her audio messages and initiating video calls that she did not answer. The prosecutor introduced a 14-page printout of screenshots from Sarai's cell phone (copies of the same screenshots attached to the supplemental probation report), showing the direct (text) messages between Skinner and Sarai, as well as voice messages from Skinner and video calls made from Skinner to Sarai.

On March 5, 2022, Sarai responded to Skinner through Instagram with a text message asking him why he kept calling her. Skinner replied with additional text messages, audio messages, and unanswered video calls (included in the 14-page printout). In the text messages, he asked Sarai to call him and send him a photo of her, and he also asked her how old she was and where she lived. Sarai reported these contacts to staff at the group home where she lived, and Skinner's probation officer interviewed her regarding these March 2022 contacts.

Sarai testified that on May 5, 2022, Skinner again contacted her by direct message through her private Instagram account, and she responded to him. In the ensuing series of text messages (that Sarai testified about while the prosecutor and defense counsel pointed to the 14-page printout), she and Skinner engaged in a back and forth regarding the nature of the sexual contact that occurred between them in July 2021. In her text messages to Skinner, Sarai stated that Skinner grabbed her hand, placed it on his penis, asked her for oral sex, and continued to touch her after she asked him to stop multiple times. In his responsive text messages, Skinner indicated that Sarai initiated the sexual conduct by touching him, which she then denied.

5

Sarai referred to Skinner as a "child molester" in her text messages, stating he knew Amari was 16 years old when he met with her, and also stating he did not care about Sarai's age. In response, Skinner accused Sarai of lying to him about her age by telling him she was 18 years old. Skinner asked Sarai why she was texting him, told her to stop texting him, and suggested she delete his phone number and block him from contacting her through Instagram. She told him he "deserve[d] to be locked up." He denied that he had done anything wrong. Sarai reported the May 2022 contacts between her and Skinner to Skinner's probation officer.

At the conclusion of Sarai's testimony, the trial court admitted into evidence the 14-page printout of screenshots of communications between Skinner and Sarai.

### B.    Skinner's testimony

Skinner testified that when he initially contacted Sarai through Instagram on March 3, 2022, he did not know who she was. He stated that he "received a profile" on Instagram and he did not know who it belonged to, and he did not recognize the name on the account. So, he contacted the person to find out. He asked questions to identify her, including where she lived and how old she was. Eventually, he realized she was one of the victims in this case. Skinner testified that all of the contact between him and Sarai reflected in the 14-page printout of screenshots from Sarai's phone occurred on one day, March 3, 2022.

On cross-examination, Skinner acknowledged that he knew what Sarai looked like at the time he sent text and audio messages and initiated the video calls through Instagram on March 3, 2022. He saw the profile photograph of Sarai "A.[]" as

6

he communicated with her through Instagram, but he did not initially recognize her as one of the victims in this case. He conceded that he continued to converse with her after he realized who she was. He denied ever contacting her through her Instagram account prior to or after March 3, 2022. He stated that he showed his probation officer the screenshots of his communications with Sarai.

## C. Trial court's decision

Based on the evidence, the trial court found that even assuming Skinner did not initially realize he was communicating with a victim in this case, he continued to communicate with her in March 2022 after he realized who she was, and he had additional contact with her in May 2022. The court found Skinner violated the December 21, 2021 stayaway order that was a condition of his probation, and the court terminated his probation.

The prosecutor urged the trial court to sentence Skinner to the low term of three years on the count to which he pleaded no contest, furnishing marijuana to a minor over 14 years of age (count 1). The prosecutor noted there was evidence of sexual contact between Skinner and Sarai. The trial court inquired if Skinner had any criminal history, and the prosecutor responded that there was "[n]othing of significance."

Defense counsel acknowledged that Skinner continued communicating with Sarai after he realized who she was, but counsel disputed that the evidence showed Skinner initiated the contact. Counsel also noted Skinner was forthcoming with his probation officer about the communications and showed them to the probation officer. Counsel further pointed out that Skinner was in compliance with the other terms of his probation. In light

of Skinner's insignificant criminal history, counsel urged the trial court to follow the probation officer's recommendation that Skinner serve 365 days in jail and be reinstated on probation with terms and conditions (as specified above).

The trial court sentenced Skinner to the low term of three years in prison on count 1 and terminated the criminal protective order.

## DISCUSSION

Skinner does not challenge the trial court's determination that he violated his probation or the court's decision to revoke his probation. He contends the trial court abused its discretion in sentencing him to prison rather than reinstating his probation "conditioned on the service of a significant amount of jail time or some other type of severe punishment less than a sentence to prison."

Probation " 'is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "Sentencing choices[,] such as . . . whether to reinstate probation or sentence a defendant to prison are reviewed for abuse of discretion. 'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' " (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; *People v.*

8

*Kingston* (2019) 41 Cal.App.5th 272, 278.) " '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .' " (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)

Skinner contends the trial court abused its discretion in sentencing him to prison because (1) this was his first probation violation; (2) he was in compliance with the other terms and conditions of his probation; (3) he had no significant criminal history; (4) the probation officer recommended he serve 365 days in jail and be reinstated on probation with terms and conditions; and (5) he cooperated with his probation officer by showing him screenshots of the communications with Sarai. The trial court considered these factors—which were all highlighted for the court in defense counsel's argument—and sentenced Skinner to prison in the exercise of its discretion. As we noted above, "We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' " (*People v. Downey*, *supra*, 82 Cal.App.4th at p. 910.)

Skinner violated a condition of his probation prohibiting him from having contact with Sarai, after he gave her marijuana and engaged in sexual contact with her when she was a minor. The trial court found Skinner had contact with Sarai in March and May 2022, knowing she was one of the victims in this case. Skinner does not challenge these findings on appeal. The court did not exceed the bounds of reason or exercise its discretion in an arbitrary or capricious manner when it declined to reinstate his probation and sentenced him to prison for this probation violation, all other circumstances being considered. "When the record reveals that a defendant's violation of the terms of

9

probation was the result of irresponsible or willful behavior, termination of probation and imposition of a prison sentence is no abuse of discretion." (*People v. Kingston*, *supra*, 41 Cal.App.5th at p. 278.) We have no cause to interfere with the trial court's decision.

Skinner argues he "readily could have been confused about the consequences of contacting the victim" because when he was placed on probation, the trial court (Judge Brougham) admonished him that he would "go right to jail" if he contacted Amari or Sarai. Skinner asserts he "was not told that he would be sent to prison." In taking his plea, however, the prosecutor informed him on the record, "If you violate any term or condition of probation, you could be sent to state prison for the maximum of five years." Thus, the record shows Skinner was apprised of the possible consequences of any probation violation.

Whether to sentence Skinner to prison was a matter within the trial court's discretion, and the record shows no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.          WEINGART, J.

10