Filed 11/8/24  P. v. Whitman CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH BILAL WHITMAN, JR.,<br><br>        Defendant and Appellant. | A170771<br><br>(Solano County Super. Ct. No. PA24-01069) |

Joseph Bilal Whitman, Jr. appeals from his revocation of parole and a 180-day county jail sentence.  Whitman's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, summarizing the facts and procedural history, asking this court to independently review the record to identify any issues warranting review.  Whitman was advised of his right to file a supplemental brief but has failed to do so.

Finding no arguable issues on appeal, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2019, Whitman was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and an enhancement of personally

_____

[1] All further statutory references are to the Penal Code unless stated otherwise.

1

using a deadly or dangerous weapon (§ 12022, subd. (b)(1)). Whitman received a five-year prison sentence. He was released January 2, 2020, on parole supervision.

A petition for revocation of Whitman's parole was filed on May 22, 2024. At the hearing, on May 31, 2024, Officer Neal testified. Officer Neal had contacted Whitman on May 20, 2024. Aware that Whitman was on parole, Officer Neal conducted a parole search. The search revealed Whitman was in possession of a glass smoking pipe that contained white crystal powder in the cylinder and char marks on the tube. Officer Neal recognized the pipe as one used to ingest methamphetamine. At the conclusion of the hearing, the trial court found Whitman was in violation of his parole and sentenced him to 180 days in county jail.

## DISCUSSION

An order revoking probation is appealable as an order made after judgement affecting the substantial rights of the party. (§1237, subd. (b); *People v. Vickers* (1972) 8 Cal.3d 451, 453, fn.2.) Whitman's counsel filed a *Wende* brief on October 4, 2024. We have received no supplemental filing by Whitman.

Section 3000.08, subdivision (f) provides: "If the supervising parole agency has determined, following application of its assessment processes, that intermediate sanctions up to and including flash incarceration are not appropriate, the supervising parole agency shall, pursuant to [s]ection 1203.2, petition either the court in the county in which the parolee is being supervised or the court in the county in which the alleged violation of supervision occurred, to revoke parole." Any determination that a parolee has, in fact, violated parole shall be based upon a preponderance of evidence. (§ 3044, subd. (a)(5).) "We review a probation revocation decision pursuant to

2

the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision . . . ." (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Here, the trial court's parole hearing determination and sentence were amply supported by the evidence and without any indication of an abuse of discretion.  After reviewing the entire record on appeal pursuant to *Wende, supra,* 25 Cal.3d 436, we find no issues requiring further briefing.

## DISPOSITION

The judgment and sentence is affirmed.


DOUGLAS, J.[*]


We concur:

STREETER, Acting P.J.
GOLDMAN, J.

*People v. Whitman* (A170771)

---

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.